Dickson FORREST *v.* Carole Jean FORREST

83-54                                    649 S.W.2d 173

Supreme Court of Arkansas
Opinion delivered April 25, 1983

*Michael W. Lonsberry* of *Williamson, Ball & Bird,* for appellant.

*Charles S. Gibson* of *Charles S. Gibson Law Office,* for appellee.

RICHARD B. ADKISSON, Chief Justice. The Drew County Chancery Court granted appellee, Carole Jean Forrest, a limited divorce from appellant, Dickson Forrest, and

awarded her alimony. On appeal we must decide whether the trial court erred in the amount of alimony awarded and whether the marital property should have been divided at the time of the decree although both parties had agreed that it was not to be divided at that time.

The parties separated on April 8, 1981, and shortly thereafter appellant filed for a divorce. Appellee denied that appellant was entitled to a divorce and counterclaimed for separate maintenance. The trial court dismissed appellant's action for divorce for insufficient evidence and found that appellee should be awarded a limited divorce on her counterclaim. The trial court ordered appellant to pay $522 per month alimony but stated that if he made the house payment of $212 per month he would be credited this amount. At the time of the decree the marital property was not divided, with the court's order stating that "the parties have agreed that it would be inappropriate to cause a division of the parties' properties as a part of this proceeding."

Appellant now argues that the trial court erred in not ordering a property division at the time he granted the limited divorce. Ark. Stat. Ann. § 34-1214 (A) (Supp. 1981) provides:

> Division of property. — (A) At the time a divorce decree is entered:
> (1) all marital property shall be distributed . . .

As the concurring opinion in *Spencer* v. *Spencer*, 275 Ark. 112, 627 S.W.2d 550 (1982) points out, the legislature clearly intended that this statute apply not only to absolute divorce but also to limited divorce. See Compiler's Notes, Ark. Stat. Ann. § 34-1214. However, we see no reason why, if the parties so desire and specifically agree, that the trial court cannot postpone the division of the property until a later date. Here, the record reflects that both parties did agree that no property division was to be made at the time the decree was entered; therefore, not distributing the property at that time was not error.

Appellant argues that the $522 alimony award is excessive since appellee, with appellant's alimony payments, has a monthly income of $1,034 while appellant's monthly income, after these payments, is only $908. However, appellant ignores the fact that $212 of the $522 alimony payment is for the house payment, which operates to his benefit since one-half of the house is his.

Appellant also argues that the court improperly considered the parties' two adult children who lived at home but did not contribute toward their expenses when arriving at the alimony figure. This assertion is not supported by the record. The court specifically disallowed certain expenses which appellee had requested appellant pay because they were expenses because of the two children. The court also stated: "Frankly, the Court's position is that those two boys ought to either get out, or go to work and pay some rent . . . "

We cannot say the chancellor's decision in fixing the amount of alimony is clearly erroneous.

Affirmed.