The Honorable Travis Dowd State Representative P. O. Box 2015 Texarkana, AR 75504
Dear Representative Dowd:
This is in response to your request for an opinion regarding the chancery court's authority to conclude divorce proceedings when one of the parties has filed for bankruptcy. You have asked, specifically, whether a chancery judge has the authority to enter a divorce decree when one or both of the parties have filed for bankruptcy and not distribute the property, or retain jurisdiction over the property for distribution after the bankruptcy proceedings are concluded, or provide in the decree that the property shall be distributed as prescribed by the bankruptcy court.
Arkansas Code Annotated 9-12-315(a)(1)(A) states as follows:
 At the time a divorce decree is entered . . . all marital property shall be distributed one-half (1/2) to each party unless the court finds such a division to be inequitable. In that event the court shall make some other division that the court deems equitable taking into consideration:
(i) The length of the marriage;
(ii) Age, health and station in life of the parties;
(iii) Occupation of the parties;
(iv) Amount and sources of income;
(v) Vocational skills;
(vi) Employability;
 (vii) Estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income;
 (viii) Contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker; and
 (ix) The federal income tax consequences of the court's division of property.
There is support for the proposition that the Chancellor can postpone the division of the property until a later date, without being in violation of A.C.A. 9-12-315, so long as the parties so desire and specifically agree. Forrest v. Forrest, 279 Ark. 115,649 S.W.2d 173 (1983). See also Guier v. Guier, 200 Ark. 552,139 S.W.2d 694 (1940). Both parties must agree to the postponement, however, for in Russell v. Russell, 275 Ark. 193, 628 S.W.2d 315
(1982), one party successfully contested the postponement of division of some of the marital property.
A bankruptcy court has jurisdiction to determine the dischargeability of the debts of the bankrupt. It seems clear, however, that the bankruptcy court's determination will not extend to or affect a distribution of the marital property for purposes of satisfying A.C.A. 9-12-315. Indeed, at least one court has stated that:
 [i]t is appropriate for bankruptcy courts to avoid incursions into family law matters out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.
In re MacDonald, 755 F.2d 715 (9th Cir. 1985). It may therefore be concluded that the chancery courts retain ultimate jurisdiction and responsibility with respect to the distribution of marital property.
As previously noted, a chancellor may delay the distribution of the marital property if both parties agree to such an arrangement, and this would presumably extend to delaying a distribution until after the bankruptcy proceedings are concluded. The chancellor is also required to make any determinations concerning alimony and child support, as these obligations are not dischargeable in bankruptcy. However, it must be concluded that the Chancellor cannot abrogate the duty to effect a distribution of the marital property under A.C.A. 9-12-315, nor will this duty be effectively discharged by deferring to the bankruptcy court since those proceedings will not result in the division of property envisioned under 9-12-315.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.