Michael H. ROBERTS *v.* Jennifer Kay ROBERTS

CA 99-722                                                    14 S.W.3d 529

Court of Appeals of Arkansas
Division I
Opinion delivered April 19, 2000

*Henry Law Farm, P.A.*, by: *David P. Henry*, for appellant.

*Meredith Wineland*, for appellee.

TERRY CRABTREE, Judge. Appellant Michael Roberts appeals the March 16, 1999, Decree of Divorce from his wife, Jennifer Roberts. On appeal he argues the following points: (1) the trial court erred in entering a final decree of divorce without distributing all marital property as required by Ark. Code Ann § 9-12-315 (a)(1)(A) (Repl. 1998), and (2) the trial court erred in ruling that the property which is to be distributed should be divided as of the date of the hearing of statutory grounds for divorce, rather than when the decree is entered. We dismiss.

Rule 2(a)(1) of the Appellate Rules of Procedure—Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. When the order appealed from is not final, this court will not decide the merits of the appeal. *Arkansas Dep't of Human Servs. v. Lopez*, 302 Ark. 154, 787 S.W.2d 686 (1990). Whether a final judgment, decree, or order exists is a jurisdictional issue that we have the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.* For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* Thus, the order must put the trial court's directive into execution, ending the litigation, or a separable branch of it. *K.W. v. State*, 327 Ark. 205, 937 S.W.2d 658 (1997). Where the order appealed from reflects that further proceedings are pending,

which do not involve merely collateral matters, the order is not final. *Id*.

■ The March 16, 1999, Decree of Divorce does not conclude the parties' property rights in respect to a number of issues including but not limited to the following: the appellant's entitlement to one-half of the amount of principal reduction from the date of marriage until the date of separation on the Foster Street home, division of the pension plans, division of the property on Johnson Road, and the disclosure of assets not included. This order does not dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. Furthermore, where the record reflects that both parties did agree that no property division was to be made at the time the decree was entered, not distributing the property at that time was not error. *Forest v. Forest*, 279 Ark. 115, 649 S.W.2d 173 (1983). In this case, the parties acknowledged that they would have to determine what property was to be divided in kind or sold. Therefore, this order is not a final appealable order, and we dismiss this appeal.

Dismissed.

ROBBINS, C.J., and BIRD, J., agree.