Carol WILLIAMS *v.* Mickey NESBITT

CA 05-864                                               234 S.W.3d 343

Court of Appeals of Arkansas
Opinion delivered April 19, 2006

*Martin and O'Bryan*, by: *Joe O'Bryan*, for appellant.

*Flynn Law Firm*, by: *John Alexander Flynn*, for appellee.

JOSEPHINE LINKER HART, Judge. Carol Williams appeals from an order of the Lonoke County Circuit Court denying her motion for an increase in child support and for enforcement of a

prior order requiring the parties to split the cost of unreimbursed medical expenses incurred on behalf of their minor child. We affirm in part and reverse in part and remand.

In an order establishing paternity that was filed for record on December 10, 2002, Mickey Nesbitt was found to have a weekly net income of $1086.00. On December 29, 2003, Williams filed a motion to modify her child support. Ultimately, this motion was heard on January 12, 2005. Williams introduced into evidence a 2002 W-2 form that showed that Nesbitt had gross earnings of $53,060.19 from Ron Campbell Ford, Inc., and a 2002 1099-R that indicated that he had $25,068.00 in retirement pay from the United States Navy. Williams also introduced a 2003 1099-R that indicated that Nesbitt's retirement earnings had risen to $25,416, and documentation from Campbell Ford that stated Nesbitt's gross earnings for 2004 were $55,202.45. The latter document also stated that Nesbitt had elected to have withheld from his pay $15,950.12 for federal taxes.

Nesbitt acknowledged that he had more money withheld from his earnings at Campbell Ford than was required by the withholding tables promulgated by the Internal Revenue Service because in 2002 and 2003, he had to pay substantial amounts of additional taxes to the IRS, due in part to the Navy's failure to withhold a portion of his retirement pay for taxes.

In the same proceeding, Williams also sought reimbursement for half of the unreimbursed medical expenses that she incurred on behalf of the minor child. However, when she attempted to introduce her handwritten records of her expenditures, Nesbitt objected and the records were subsequently excluded from evidence. Williams did, however, note that she had received some money from Nesbitt toward these expenses, including an $89 check that Nesbitt had given her that morning.

The trial judge found that Williams did not prove a material change of circumstances and denied her motion to increase child support. He also denied Williams's motion for reimbursement for medical expenses, finding that she had not availed herself of "cost-free medical care" available at the Air Force base in Jacksonville and that she should be responsible for the expenses.

Williams first argues that the trial court erred in finding that there had not been a material change in Nesbitt's income because he "artificially" reduced his "disposable income" by withholding an excessive amount from his earnings at Campbell Ford. She notes

that the federal and state withholding tables indicate that Nesbitt should have had considerably less withheld from his pay, and therefore, he had more income with which to pay child support. We agree.

A trial court's ruling on child-support issues is reviewed de novo by this court, and the trial court's findings are not disturbed unless they are clearly erroneous. *Montgomery v. Bolton*, 349 Ark. 460, 79 S.W.3d 354 (2002). In reviewing a trial court's findings, we give due deference to the court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. *Id.* As a rule, when the amount of child support is at issue, we will not reverse absent an abuse of discretion. *Id.* However, a trial judge's conclusion of law is given no deference on appeal. *Id.*

For the purposes of calculating a child-support obligation, under Section II of Administrative Order Number 10, income is defined as:

> any form of payment, periodic or otherwise, due to an individual, regardless of source, including wages, salaries, commissions, bonuses, workers' compensation, disability, payments pursuant to a pension or retirement program, and interest less proper deductions for:
>
> 1. Federal and state income tax;
>
> 2. Withholding for Social Security (FICA), Medicare, and railroad retirement;
>
> 3. Medical insurance paid for dependent children; and
>
> 4. Presently paid support for other dependents by court order.

Accordingly, this case turns on what is meant by a "proper deduction." In *Montgomery v. Bolton, supra*, the supreme court stated that in deciding whether a deduction qualifies, the ultimate objective is to determine how much "expendable income" a payor has available to support the child. *See also McWhorter v. McWhorter*, 346 Ark. 475, 58 S.W.3d 840 (2001). It is reversible error to mechanically look at tax documents to determine support rather than the actual expendable income that a payor has available. *Stepp v. Gray*, 58 Ark. App. 229, 947 S.W.2d 798 (1997).

■ It is apparent from the record that Nesbitt had caused an excessive amount of his paycheck to be withheld, ostensibly for federal taxes. We believe that the trial court erred in ignoring the withholding tables and simply accepting Nesbitt's assertion that it was to avoid having to pay additional money in taxes. In doing so, he obscured the amount of actual expendable income that he had available for support. Although this court has the power to decide equity cases de novo on the record, we think it appropriate to remand this case to the trial court for further consideration of the federal-income-tax withholding issue. *See id.*

■ Williams next argues that "the trial court had no reason to refuse to enforce its previous order that [Nesbitt] should share in the costs of medical expenses for the child or to terminate [her] right to recover the child's medical expenses from [Nesbitt]." She asserts, and the record established, that during her testimony she explained that she had the records in the courtroom, but when the trial court excluded her written summary, the trial judge indicated that he did not want to see them. Without citation of authority, Williams asserts that this action on the part of the trial court was an abuse of discretion. We do not find merit in this argument.

We note that Williams does not actually challenge the trial court's decision to exclude her summary of the medical expenses that she claimed to have incurred on behalf of her minor child. Furthermore, she has failed to proffer either the summary or the actual bills that she had received for the minor child's medical care. It is axiomatic that to preserve a challenge to a ruling of the trial court excluding evidence, the appellant must proffer the excluded evidence so that the appellate court can review the trial court's decision, unless the substance of the evidence is apparent from the context. Ark. R. Evid. 103(a)(2); *Halford v. State,* 342 Ark. 80, 27 S.W.3d 346 (2000). Accordingly, we are left only with her testimony concerning the amount of expenditures that she made for the child's medical care, and the trial court was free to believe or disbelieve her testimony. When judging the trial court's findings in equity cases, we defer to the trial judge's superior position to determine the credibility of witnesses and the weight to be accorded to their testimony. *Hill v. Hill,* 84 Ark. App. 132, 134 S.W.3d 6 (2003). Accordingly, we decline to reverse on this point.

Affirmed in part; reversed in part and remanded.

ROBBINS and GLOVER, JJ., agree.