SLIP OPINION


# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-826

| | |
|---|---|
| | **Opinion Delivered** March 19, 2014 |
| KENNETH COLEMAN COLLEY II<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. DR–2011-332G] |
| V. | |
| | HONORABLE ANNIE POWELL HENDRICKS, JUDGE |
| AUDREY HAMILTON COLLEY<br>APPELLEE | DISMISSED |

## ROBIN F. WYNNE, Judge

Kenneth Coleman "K.C." Colley II appeals from a decree of divorce entered by the Sebastian County Circuit Court. On appeal, he alleges a number of errors by the circuit court in its calculation of his child-support obligation. Because the decree is not final, we dismiss the appeal without prejudice.

The circuit court's decree of divorce granted custody of the parties' minor child to appellee and set appellant's child-support obligation at $900 per month. The decree also awarded the parties certain items of property. However, Paragraph XIII of the decree states

> [t]hat the Court finds that [appellee and appellant] shall have thirty (30) days to divide the personal property acquired during the marriage. That, in the event [appellee and appellant] fail to reach an agreement as to the division of the personal property, the Court shall enter an Order directing the parties to sell all the personal property by private auction.

For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000). Thus, the order must put the trial court's directive into execution, ending the litigation or a separable branch of it. *Id.* Here, the decree is not final because it does not fully dispose of the parties' property. Instead, it directs them to come to an agreement, and requires them to return to the court for an order for the property to be sold at auction if no agreement is reached.[1] This renders the order not final for the purpose of appeal. *See Wadley v. Wadley*, 2010 Ark. App. 733 (holding that a divorce decree was not final when it ordered the parties to divide the remaining items of marital property and to sell any property not divided within sixty days at public auction); *see also Nix v. Nix*, 2014 Ark. App. 162, __ S.W.3d __. Therefore, we must dismiss the appeal without prejudice for lack of a final order.

Dismissed.

GRUBER and WOOD, JJ., agree.

*Ronald W. Metcalf, P.A.*, by: *Ronald W. Metcalf*, for appellant.

*Gean, Gean & Gean*, by: *Roy Gean, III*, for appellee.

---

[1]The decree also states that K.C. shall continue to pay child support as ordered in the temporary order until the court addresses the issue of child support on a final basis, despite the fact that the award of child support in the decree appears to be a final determination and the amount awarded in the decree differs from the amount awarded in the temporary order.