SLIP OPINION

Cite as 2014 Ark. App. 331

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-1156

| | | |
|---|---|---|
| | | **Opinion Delivered** May 28, 2014 |
| BERTHA BELLE GRAVES | APPELLANT | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. DR–2012-59] |
| V. | | |
| | | HONORABLE DAVID M. CLARK, JUDGE |
| JAMES JAY GRAVES | APPELLEE | DISMISSED |

## ROBIN F. WYNNE, Judge

Bertha Belle Graves appeals from the trial court's denial of her motion for new trial in the parties' divorce action. She argues on appeal that the trial court erred by denying her motion because there was no corroboration of grounds, the guardianship of the person and estate of appellee James Jay Graves is void, and the settlement agreement entered into by the parties was obtained as a result of duress and coercion. We must dismiss the appeal for lack of a final order.

An appeal may be taken only from a final judgment or decree entered by the trial court. Ark. R. App. P.–Civ. 2(a)(1) (2013). Whether an order is final and appealable is a jurisdictional question that may be raised by this court sua sponte. *See Lamont v. Healthcare Capital, Inc.*, 2013 Ark. App. 283. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in

controversy. *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000). Thus, the order must put the trial court's directive into execution, ending the litigation or a separable branch of it. *Id.*

The decree orders the parties to agree to a division of their property within fifteen days of the filing of the decree and states that any property not agreed on is to be sold at auction, with the proceeds divided between the parties. However, the decree also states that "[i]f after the sale either party is not satisfied that all items were in fact returned, they have the right to request a hearing on the issue of the missing items." The decree does not fully dispose of the parties' property and explicitly contemplates the possibility of future litigation with regard to the subject matter in controversy. The decree is not final for the purposes of appeal; therefore, the appeal must be dismissed.

Dismissed.

WALMSLEY and HARRISON, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Jensen Young & Houston, PLLC*, by: *Terence C. Jensen*, for appellee.