

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-440

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** November 5, 2014 |
| JAMES FELL | | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT |
| | APPELLANT | [NO. DR-2013-366-1] |
| V. | | HONORABLE BOBBY MCCALLISTER, JUDGE |
| CAMME FELL | | |
| | APPELLEE | DISMISSED |

**RHONDA K. WOOD, Judge**

The circuit court granted Camme Fell's complaint for divorce from James Fell. James appeals and argues that the circuit court's division of certain property and debt was clearly erroneous. We dismiss the appeal for lack of a final order because the divorce decree did not conclude the disposition of the Fells' property rights.

Camme and James Fell were divorced in February 2014. Camme retained custody of their only child. The court ordered James to pay Camme around $6500 for personal property. Further, the parties agreed that James would pay the $851.70 monthly mortgage on the marital home in lieu of child support. However, they could not agree how to apply the overage, which was the difference between the child-support and the mortgage payment. Another difficulty was determining the child-support amount. At the time of the divorce, James had criminal charges pending against him. Those charges resulted in James being laid off from work and his income

SLIP OPINION

being reduced from a $1447.72 biweekly salary to a $397 weekly unemployment check. Based on these circumstances, the court ruled that James would pay $99.25 in weekly child support until his criminal charges were dropped or adjudicated. But if he pleaded guilty or was found guilty, his child-support obligation would be $246 every two weeks. It was therefore an open question how much James's child-support obligation would be, how much credit he was entitled to for paying the mortgage, and the ultimate amount he would pay Camme for the personal property.

For this reason, the court held in abeyance the credit due to James for the mortgage payment as well as the final amount due to Camme for the personal property. The decree stated that "[t]his amount shall be determined at the conclusion of the criminal case, and this case shall remain open until that case is concluded and this remaining issue is determined." In short, the court would do a final accounting once James's criminal charges were settled.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court. When the order appealed from is not final, this court will not decide the merits of the appeal. *Roberts v. Roberts*, 70 Ark. App. 94, 95, 14 S.W.3d 529, 530 (2000). Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id*. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Mason v.*

SLIP OPINION

*Mason*, 2012 Ark. App. 393. Where the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id.* Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Id.*

In the present case, the divorce decree is not a final, appealable order and we must dismiss the appeal for lack of jurisdiction. The decree states that the case would remain open until James's criminal case is resolved; at that time, the court would finalize the credits and debits between the parties. Thus, James's and Camme's rights to the subject matter in controversy have not been concluded, and this appeal is premature.

Dismissed.

GLOVER and VAUGHT, JJ., agree.

*Gregory E. Bryant*, for appellant.

No response.