SLIP OPINION

Cite as 2015 Ark. App. 5

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-14-34

| | |
|---|---|
| | Opinion Delivered January 14, 2015 |
| JOSE PERAZA AND LETICIA ORELLANA, INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF DANIEL PERAZA<br>APPELLANTS | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT<br>[NO. 23CV2012-853] |
| V. | HONORABLE AMY BRAZIL, JUDGE |
| UNITED FINANCIAL CASUALTY COMPANY<br>APPELLEE | APPEAL DISMISSED |

**BRANDON J. HARRISON, Judge**

Jose Peraza and Leticia Orellana, individually and as parents and next friends of Daniel Peraza (collectively referred to as Peraza), appeal the denial of a request for attorney's fees. United Financial Casualty Company (United) has moved to dismiss this appeal. We grant the motion to dismiss the appeal.

In February 2012, James Beene was involved in an automobile accident when his vehicle struck Peraza's vehicle. In September 2012, Beene's insurance company, United, filed a complaint for declaratory judgment in the Faulkner County Circuit Court that raised a number of points: (1) Beene's insurance policy was cancelled on 25 January 2012; (2) Beene renewed his cancelled policy by telephone immediately after the accident on

February 13; (3) Beene was told that United would not cover any loss that occurred between January 25 and when he called United on February 13; and (4) Beene knowingly misrepresented material facts by stating that there had been no auto accidents during that time. United sought to rescind the policy, or reform it, to exclude covering the loss from the February 13 accident. Peraza filed a countercomplaint for a declaratory judgment in October 2012, seeking to establish third-party rights pursuant to Ark. Code Ann. § 23-89-303(d)(1) (Repl. 2004).

In a mid-July 2013 letter opinion, the circuit court entered a default judgment against Beene after he failed to respond to the complaint for declaratory judgment; the court denied the declaratory judgment as to Peraza. In early August 2013, Peraza notified the court that he was seeking attorney's fees. United opposed any award, and a series of letters between the parties' counsel and the court debating this issue, including proposed orders, followed.

A letter from Peraza to the court (dated August 23 and file-marked August 26) asked for "direction from the court on the issue of attorney fees." On September 10, a copy of the August 23 letter was filed; the following handwritten notation appears at the top: "Attorneys fees denied Amy Brazil 8/26/13." On September 18, the court entered a final order that disposed of all the parties' pleadings and awarded Peraza the relief he requested on the merits. Peraza filed a notice of appeal on October 7—not from the final order—but from "an Order Denying Attorney Fees filed September 10, 2013." On October 8, Peraza filed a written motion for attorney's fees; on October 9, he requested a

SLIP OPINION

hearing on the motion. But no hearing was held on the fee-related motion, and the court did not rule on the motion.

This brings us to United's motion to dismiss this appeal, which it filed with this court in March 2014. United argues that Peraza's appeal from the circuit court's handwritten notation on a letter is improper and that the appeal should be dismissed. Peraza argues against the motion, essentially stating that the denial of attorney's fees on the September 10 letter was a final, appealable order because it "concluded Peraza's rights to an award of attorney's fees at that time."

As we have alluded to already, a main jurisdictional question is whether the September 10 letter is a final, appealable order. It is not. First, the September 10 document cannot be categorized as an "order," because Arkansas Rule of Civil Procedure 58 requires every judgment or decree to be set forth on a "separate document," and a judge's handwritten notation on the top of a piece of correspondence from an attorney to a judge does not qualify as a separate document. Ark. R. Civ. P. 58 (2014). Also, an order must be "entered" to be effective, and according to the docket sheet, the only documents entered on September 10 were a letter from attorney Callis Childs to the clerk and a letter from Childs to Judge Brazil. There is no mention in the docket sheet of a judgment or order denying attorney's fees, a fact that further cuts against Peraza's argument.

Finally, even if the September 10 letter was deemed an "order," it was not the final order in this case. The final order was entered eight days after this letter had been filed. For a judgment or order to be final, it must dismiss the parties from the court, discharge

them from the action, or conclude their rights to the subject matter in controversy. *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000). Thus, the order must put the circuit court's directive into execution, ending the litigation or a separable branch of it. *Id.* Peraza argues that the letter is a final order as to the attorney's fees; however, attorney's fees are a collateral issue, meaning they must be collateral to a final order, so even accepting Peraza's argument that the letter was the "final ruling" on the attorney's fee issue, it was filed prematurely. Our supreme court has explained that Ark. R. Civ. P. 54(e), which governs attorney's fees, is "applicable only upon an entry of judgment that finally concludes the controversy for which attorney's fees are sought." *Jones v. Flowers*, 373 Ark. 213, 217, 283 S.W.3d 551, 555 (2008). Rule 54(e)(2) itself states that a motion for attorney's fees "must be filed and served no later than 14 days after the entry of judgment"; the rule does not therefore contemplate a motion for, or an award of, attorney's fees prior to the entry of judgment.

The bottom jurisdictional line is this: we lack jurisdiction over this appeal because the September 10 letter that Peraza has appealed from is not an order, and we have no other fee-related court order to review.

Appeal dismissed.

VAUGHT and BROWN, JJ., agree.

*Lucas Law, PLLC*, by: *Molly Lucas*, for appellant.

*Watts, Donovan & Tilley, P.A.*, by *Staci Dumas Carson*; and
*Hilburn, Calhoon, Harper, Pruniski & Calhoun, LTD*, by: *Debbie Denton*, for appellee.

4