SLIP OPINION        Cite as 2015 Ark. App. 121

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–14–797

| | |
|---|---|
| KENNETH EARL YOUNGBLOOD<br>APPELLANT<br><br>V.<br><br>CHERYL YOUNGBLOOD<br>APPELLEE | **Opinion Delivered** February 25, 2015<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT<br>[NO. DR–13-1600]<br><br>HONORABLE DOUG MARTIN, JUDGE<br><br>APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

Kenneth Youngblood appeals from a May 2014 divorce decree. He argues that the court erroneously divided the parties' property in various ways. Because the 2014 divorce decree that Kenneth has appealed is not a final, appealable order, we must dismiss the appeal without prejudice.

An appeal may be taken only from a final judgment or decree. Ark. R. App. P.–Civ. 2(a)(1) (2014). Whether an order is final and appealable is a jurisdictional question that may be raised by this court on its own initiative. *Graves v. Graves*, 2014 Ark. App. 331.

The circuit court's order mandates that "all the personal property in either party's possession shall be sold at public auction"—but the order then allows the parties thirty days to agree on the division of the property or to schedule an auction. The court also ordered the sale of real property with certain conditions for its purchase. On this point,

the order states, "the parties are granted thirty (30) days to agree to an agent and price of sale of the real estate by a sales agency. Thereafter, the property shall be sold at public auction." The order reserves the "issue of vacating" the real property "for later determination or agreement of the parties." The court appointed the Clerk of the Court as the commissioner of the sale of properties "unless the parties agree on an auctioneer within 30 days." The order also states that "all property has been determined to be 'marital property' and shall be sold at public auction for cash."

In *Sanders v. Passmore*, 2014 Ark. App. 237, we dismissed a divorce-decree appeal when it remained undecided whether the parties would bid on four items of personal property, and if not, whether the parties would agree to an auctioneer, the auctioneer's commission arrangement, and the date, place, and terms of the sale. *See also Wadley v. Wadley*, 2010 Ark. App. 733 (dismissing an appeal for lack of a final order where it left matters undecided between the parties: whether they would agree on identification and division of marital property; and if not, whether they would agree on an auctioneer and commission arrangement, sale date, place, and terms).

Here, the divorce decree leaves matters undecided between the parties and tasks yet to be performed: whether personal and marital property will be sold at public auction or if the parties will agree on how to divide the property themselves; whether the parties will agree on an auctioneer if an auction is needed, and, if so, the auctioneer's commission arrangement; a real estate agent and sales price for some real property the Youngbloods owned; and the date, place, and terms of the multiple property sales that were ordered by

the court. These are some of the reasons the order is not final and why we must dismiss it without prejudice.

Appeal dismissed.

WHITEAKER and VAUGHT, JJ., agree.

*Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, by: *Curtis E. Hogue*, for appellant.

*Evans & Evans Law Firm*, by: *James E. Evans, Jr.*, for appellee.