

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-14-480

| | | |
|---|---|---|
| JOHN DAVID MOORE | | **Opinion Delivered** February 25, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE LOGAN |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 42BDR-12-71] |
| | | |
| NANCY MOORE | | HONORABLE DAVID H. |
| | APPELLEE | McCORMICK, JUDGE |
| | | |
| | | DISMISSED |

### RAYMOND R. ABRAMSON, Judge

John David Moore appeals from a decree of divorce entered by the Logan County Circuit Court on February 11, 2014. He argues that the circuit court erred when it awarded Nancy Moore one-half of the growth of his business during the marriage and alimony of $5000 a month until she is sixty-five-years-old. Because the decree is not final, we dismiss the appeal without prejudice.

The circuit court's decree of divorce divided marital property and awarded Nancy alimony. However, paragraph XV of the decree states:

Plaintiff's Exhibits 37, 38, and 39 were three separate Warranty Deeds (legal description is attached as Exhibit "C") which described a third tract of real estate involved in this case. Those deeds were from different grantors but did not convey all of those grantors' interest in the same real estate to the Plaintiff and Defendant as tenants by the entirety. The court reduces the parties to tenants in common as to this tract of real estate and orders the same sold upon such terms and conditions as to which the parties may agree. If the parties are unable to agree upon the terms and conditions of sale after 180 days, then either party is free to petition to the court to

have the same sold by the clerk of this court. All proceeds after costs of sale shall be divided equally between the parties.

For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000). Thus, the order must put the trial court's directive into execution, ending the litigation or a separable branch of it. *Id*. Here, the decree is not final because it does not fully dispose of the parties' property. Instead, it directs them to come to an agreement and requires them to return to the court for an order for the property to be sold by the clerk of the court if no agreement is reached. This renders the order not final for the purpose of appeal. *See Wadley v. Wadley,* 2010 Ark. App. 733 (holding that a divorce decree was not final when it ordered the parties to divide the remaining items of marital property and to sell any property not divided within sixty days at public auction); *see also Colley v. Colley*, 2014 Ark. App. 194; *Nix v. Nix*, 2014 Ark. App. 162. Therefore, we must dismiss the appeal without prejudice for lack of a final order.

Dismissed.

HIXSON and HOOFMAN, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*; and *Danielson Law Firm*, by: *Elizabeth Danielson*, for appellant.

*Gean, Gean & Gean*, by: *David Charles Gean*, for appellee.