Cite as 2015 Ark. App. 318

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-1035

| | |
|---|---|
| DALENE HOBBS (formerly VAUGHAN) APPELLANT | **Opinion Delivered** May 13, 2015 |
| | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [No. DR 2012-926-6] |
| V. | |
| | HONORABLE DOUG SCHRANTZ, JUDGE |
| GARY KEITH VAUGHAN, JR. APPELLEE | DISMISSED WITHOUT PREJUDICE |

## LARRY D. VAUGHT, Judge

Appellant Dalene Hobbs appeals from an order of the Benton County Circuit Court, denying her petition for modification of visitation/request to relocate to Tennessee and awarding appellee Gary Keith Vaughan, Jr., attorney's fees of $3000. We dismiss the appeal without prejudice for lack of a final, appealable order.

The parties' divorce decree was entered on December 8, 2004. Hobbs was granted custody of M.V., the parties' minor child. Vaughan was awarded visitation and ordered to pay child support. Hobbs later married Kris Hobbs, and they have two children. Vaughan married Ashley Vaughan, and they have two children.

On May 8, 2014, Hobbs filed a petition for modification of visitation, asserting that Kris had been promoted and was being relocated to Tennessee; that his new job included a substantial pay raise, which would benefit their three children (including M.V.); that it was in M.V.'s best interest to relocate; and that Vaughan's visitation schedule should be modified to

allow the relocation. Vaughan filed a response, objecting to the proposed relocation. Subsequently, he filed a petition for contempt and modification of custody against Hobbs, alleging that Hobbs had been interfering with Vaughan's visitation and relationship with M.V.; that Hobbs's plans to relocate would further interfere, undermine, and damage his relationship with M.V.; and that Hobbs's conduct constituted a material change of circumstances supporting his request for primary custody of M.V.

After a hearing on the parties' petitions, an order was entered on August 21, 2014, in which the trial court (1) denied Hobbs's petition to relocate with M.V. to Tennessee; (2) granted Vaughan's petition for contempt and sentenced Hobbs to seven days in the county jail; and (3) awarded Vaughan $3000 in attorney's fees. Hobbs timely appealed, contending that the trial court clearly erred in denying her petition to relocate and abused its discretion in awarding Vaughan attorney's fees.[1]

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. Ark. R. App. P.–Civ. 2(a)(1) (2014); *Fell v. Fell*, 2014 Ark. App. 627, at 2. When the order appealed from is not final, this court will not decide the merits of the appeal. *Fell*, 2014 Ark. App. 627, at 2. Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.* For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* at 2–3. Where the order appealed from reflects

---

[1]Hobbs does not appeal the contempt finding.

SLIP OPINION

that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id.* at 3. Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Id.*

While all final orders awarding custody are final, appealable orders, Ark. R. App. P.–Civ. 2(d) (2014), the order from which Hobbs appeals fails to address or resolve a custody matter. The order merely denied Hobbs's request to relocate and expressly reserved the custody issue raised by Vaughan: "This matter is set for final hearing on modification of custody on October 20, 2014, at 9:00 a.m." Therefore, Hobbs has not appealed from a final, appealable order.[2]

Hobbs's challenge to the attorney-fee award does not alter our holding.[3] The analysis applied to the relocation issue applies equally to Hobbs's appeal from the attorney-fee order. Without a final order, no appeal can be entertained by our court, even on a collateral issue such as attorney's fees. *Dodge v. Lee*, 350 Ark. 480, 486–87, 88 S.W.3d 843, 847 (2002); *LaRue v. Ground Zero Constr. Co.*, 2014 Ark. App. 93, at 7 n.3; *Bank of the Ozarks v. Cossey*, 2014 Ark. App. 581, at 5, 446 S.W.3d 214, 217 n.3. Attorney's fees are a collateral issue, meaning they must be

---

[2]We acknowledge that the order from which Hobbs appeals does contain a contempt finding, from which an appeal may be taken. Ark. R. App. P.–Civ. 2(a)(13) (2014). However, as previously stated, Hobbs does not challenge the contempt finding on appeal.

[3]While the trial court's order is not clear on its face whether the $3000 in attorney's fees was awarded for the contempt issue or the relocation issue, we note that Vaughan's attorney's affidavit requested attorney's fees in the amount of $3064.67 for services rendered regarding the "relocation action."

collateral to a final order. *Peraza v. United Fin. Cas. Co.*, 2015 Ark. App. 5, at 4, 453 S.W.3d 693, 695. Accordingly, we must dismiss the appeal for lack of jurisdiction.

Dismissed without prejudice.

HOOFMAN and BROWN, JJ., agree.

*Keith, Miller, Butler, Schneider & Pawlik, PLLC*, by: *Kristin L. Pawlik* and *Mason L. Boling*, for appellant.

No response.