

# ARKANSAS COURT OF APPEALS

## DIVISION II
#### No. CV-15-476

| | |
|---|---|
| AMERICAN EXPRESS BANK, FSB<br>APPELLANT | **Opinion Delivered** December 9, 2015 |
| V. | APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. CV-2011-284-2] |
| DAVID DAVENPORT AND MODAWG CYCLES, INC.<br>APPELLEES | HONORABLE GARY ARNOLD, JUDGE |
| | APPEAL DISMISSED |

## CLIFF HOOFMAN, Judge

Appellant American Express Bank, FSB ("AmEx"), appeals from the circuit court's award of $30,597.50 in attorney's fees to appellees David Davenport and Modawg Cycles, Inc. (collectively, "Davenport"), in AmEx's suit to recover $13,901.46 in credit-card debt. On appeal, AmEx argues that the circuit court abused its discretion in determining that Davenport was the prevailing party in the suit, as he had failed to recover on any of his counterclaims. We are unable to address the merits and must dismiss the appeal without prejudice due to the lack of a final, appealable order.

In April 2011, AmEx filed suit against Davenport and his business, Modawg Cycles, to recover the outstanding balance of $13,901.46 on a credit card issued to Davenport. Davenport then filed counterclaims against AmEx for conversion, outrage, defamation, abuse of process, negligence, and violations of the Arkansas Deceptive Trade Practices Act, and sought $75,000 in compensatory damages, punitive damages in excess of $75,000, and

SLIP OPINION

damages for conversion of $18,478.21. Davenport also filed a third-party complaint against Cathy Heathscott, alleging that Heathscott had obtained the credit card and made charges without Davenport's permission. He asserted claims against Heathscott for conversion, outrage, and fraud. Heathscott filed an answer denying Davenport's claims and setting forth affirmative defenses.

The case was tried before the circuit court in January 2014. On August 27, 2014, the court entered an order dismissing AmEx's lawsuit against Davenport and granting judgment in favor of AmEx on Davenport's counterclaims. Although the order is designated as the "Final Order," the third-party complaint against Heathscott is not mentioned therein, nor is she reflected as a third-party defendant in the caption of the order. Subsequent to the entry of the order, Davenport filed a motion requesting $37,597.50 in attorney's fees, plus costs. After a hearing was held on the motion, the circuit court entered an order on February 12, 2015, finding that Davenport was the prevailing party in the action and granting him $30,597.50 in attorney's fees, plus costs. AmEx filed a timely notice of appeal from this order and argues that the circuit court abused its discretion in its award of attorney's fees to Davenport.

As a threshold matter, we must first determine whether the August 27, 2014 order is a final, appealable order. While neither party has raised this issue, the question of whether an order is final and appealable is a jurisdictional question that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Hobbs v. Vaughan*, 2015 Ark. App. 318.

SLIP OPINION

Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1) (2015), an appeal may be taken from a final judgment or decree entered by the trial court. *Id*. A final judgment is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Id*. Absent a certificate from the trial court that directs that the judgment is final and that conforms with the requirements of Arkansas Rule of Civil Procedure 54(b), an order or judgment is not considered final if it does not dispose of all of the parties and all of the claims. Ark. R. Civ. P. 54 (2015).

As noted earlier, the "Final Order" entered on August 27, 2014, by the circuit court does not mention Davenport's third-party complaint against Heathscott, and there is no other order in the addendum or in the record disposing of this complaint. While it appears from the record that Davenport orally dismissed his third-party complaint at the August 2013 hearing, an order of dismissal "is effective only upon entry of a court order dismissing the action." Ark. R. Civ. P. 41(a)(1) (2015). This provision in Rule 41 also applies to the dismissal of any third-party claim. Ark. R. Civ. P. 41(c). Because there is no written order disposing of the third-party claim in this case, the August 27, 2014 order is not final and appealable, and we have no jurisdiction to hear this appeal. *See Chitwood v. Chitwood*, 2013 Ark. App. 195 (dismissing appeal where the third-party claim remained outstanding); *Fureigh v. Horn*, 2013 Ark. App. 287 (same).

Even though AmEx is appealing from the award of attorney's fees, and attorney's fees are a collateral matter, we have held that they must be collateral to a final order. *Peraza v. United Fin. Cas. Co.*, 2015 Ark. App. 5, 453 S.W.3d 693. Thus, Arkansas Rule of Civil

3

SLIP OPINION

Procedure 54(e), which governs attorney's fees, applies only "upon an entry of judgment that finally concludes the controversy for which attorney's fees are sought." *Jones v. Flowers*, 373 Ark. 213, 217, 283 S.W.3d 551, 555 (2008). Because there has been no order that finally concludes the controversy in this case, we must dismiss the appeal without prejudice.

Appeal dismissed.

GLOVER and HIXSON, JJ., agree.

*Hood & Stacy, P.A.*, by: *Nicholas R. Hood* and *Rickard W. Hood*, for appellant.

*Chaney Law Firm, P.A.*, by: *Don P. Chaney*, *Nathan Price Chaney*, *S. Taylor Chaney*, and *Hilary M. Chaney*, for appellee.