WAYMOND M. BROWN, Judge
Appellant Tabitha Loving appeals from an order entered by the Baxter County Circuit Court, denying her motion to relocate. We dismiss the appeal without prejudice for lack of a final order.
The parties were married on April 27, 2002, and two children were born of the marriage, L.L.1, born 12-09-02 and L.L.2, born 02-13-07. The parties were divorced by decree on November 8, 2012, and a property-settlement agreement (PSA) entered into on October 16, 2012, was incorporated into the divorce decree. According to the PSA, the parties were to share joint-legal custody of the two minor children. The parties entered into an agreed final order on August 5, 2014, in which appellant was given full legal and physical custody of the children and appellee was granted visitation. Appellee agreed to pay child support in the amount of $750/month.
Appellant filed a motion for modification of visitation on April 10, 2017, in anticipation of relocating with the children to Florida. Appellee filed a response objecting to the proposed relocation. He filed a counterclaim on April 25, 2017, seeking a reduction in child support, a change in custody, and a contempt finding against appellant for violating the agreed order of 2014.[1] Appellant responded on May 9, 2017, asking the court to deny appellee's counterclaim.
*348 A hearing took place on August 22, 2017. The court entered a letter opinion on September 15, 2017. An order was entered on November 17, 2017, denying appellant's motion to relocate. The court denied appellee's petition to reduce his child-support obligation. The court also found that appellant was in contempt of the agreed order but assessed no punishment. Appellant filed a notice of appeal on December 13, 2017. This appeal followed.
Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court.[2] When the order appealed from is not final, this court will not decide the merits of the appeal.[3] Whether a final judgment, decree, or order exists is a jurisdictional issue that this court has a duty to raise, even if the parties do not, in order to avoid piecemeal litigation.[4] For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy.[5] When the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final.[6] Even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case.[7]
While all final orders awarding custody are final, appealable orders,[8] the order appellant appeals from fails to address or resolve the custody matter raised in appellee's counterclaim. In denying appellant's petition to relocate, the court stated in pertinent part that "[appellant] may relocate, but if she does, it is in the best interest of the children that custody of the minor children transfer to [appellee], in that event, the Court will set visitation and child support." Therefore, appellant has not appealed from a final, appealable order.[9] Accordingly, we must dismiss this appeal, without prejudice, for lack of jurisdiction.
Dismissed without prejudice.
Gruber, C.J., and Hixson, J., agree.

Paragraph 7 stated in pertinent part, "That while the children are in his or her care and custody, neither party shall have overnight guests or guests past 9:00 p.m. who are of the opposite sex and to whom they are unrelated without approval from both parties[.]"

Ark. R. App. P.-Civ. 2(a)(1) (2018); Fell v. Fell , 2014 Ark. App. 627, 2014 WL 5758467.

Fell, supra.

Id.

Id.

Id.

Id.

Ark. R. App. P.-Civ. 2(d) (2018).

Kines v. McBride , 2017 Ark. App. 40, 511 S.W.3d 352.