Cite as 2020 Ark. App. 509

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CV-20-75

IRAG ROVNAGHI AND PEGAH
DEHESHMAND

APPELLANTS

V.

TURAG RONAGHI DOING
BUSINESS AS RONAGHI
INTERNATIONAL RUG

APPELLEE

**Opinion Delivered** November 4, 2020

APPEAL FROM THE PULASKI
COUNTY CIRCUIT COURT,
SIXTH DIVISION
[NO. 60CV-17-518]

HONORABLE TIMOTHY DAVIS
FOX, JUDGE

APPEAL DISMISSED WITHOUT
PREJUDICE

## BRANDON J. HARRISON, Judge

Following a jury trial, the Pulaski County Circuit Court entered judgment against Irag Rovnaghi. The judgment was for $362,000 and in favor of his brother, Turag Ronaghi, who was doing business as Ronaghi International Rug. Irag and his wife, Pegah Deheshmand, appealed the court's 19 August 2019 "Final Judgment." Unfortunately, the judgment is not a final one, so we must dismiss this appeal without prejudice.

Simply stated, a judgment is final and appealable when it dismisses the parties from the case or otherwise concludes the rights in dispute. *Peraza v. United Fin. Cas. Co.*, 2015 Ark. App. 5, at 3–4, 453 S.W.3d 693, 695. So it stands to reason that a judgment that adjudicates fewer than all the claims of all the parties does not terminate the case and is therefore unappealable. Ark. R. Civ. P. 54(b) (2019). And absent a Rule 54(b) certificate

or certain other exceptions that do not apply here, an appellate court does not have jurisdiction over an appeal until a final judgment has been entered. *Ford Motor Co. v. Washington*, 2013 Ark. 88, at 5.

1. *Turag's breach-of-contract claim.* Turag's amended complaint alleged that Irag and Pegah breached a contract when they failed to pay Turag for restoring and repairing over 2,500 Persian rugs that were damaged in a fire. Turag's contract claim against Irag was submitted to the jury on interrogatories. The jury returned a verdict for Turag, and the circuit court ordered Irag to pay Turag $362,000 in damages. But Turag had also alleged in his amended complaint that Pegah breached the rug-repair contract by failing to pay him. That claim, for whatever reason, was not submitted to the jury for decision; and no written order is in the record that disposes of the claim in any manner. The unresolved contract claim that Turag alleged against Pegah, filed as Count I in his amended complaint, prevents finality.

2. *Turag's conversion/misappropriation claim.* Turag also alleged that Irag and Pegah misappropriated some forty-odd Persian rugs. The claim was given to the jury, and it decided that Irag and Pegah owned the forty-nine rugs at issue. In other words, the jury rejected Turag's conversion claim, which was ultimately dismissed with prejudice in the judgment. So Count II in Turag's complaint has been decided.

3. *Turag's fraud/deceit claim.* Turag also alleged in his amended complaint (as Count III) that Irag and Pegah had created a fictitious invoice concerning some rugs that Irag had allegedly purchased in Arak, Iran, in 2000. This claim was not adjudicated by a written order; nor was it submitted to the jury for decision. The dangling fraud claim is another

2

reason why the court's judgment is not final. True, the court orally dismissed this claim against Pegah, but no written order dismissing it was entered of record, and a claim that is orally dismissed is not final until a written order is entered. *Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 107, 281 S.W.3d 740, 742 (2008) (explaining this rule).

4. *The counterclaim.* Irag and Pegah counterclaimed against Turag related to certain rugs that Turag possessed. They alleged that they owned the rugs and that Turag wrongfully possessed them. The jury was instructed on the counterclaim, and it found that Irag and Pegah owned the rugs but that they had suffered no damages as a result of Turag's wrongful possession. The court's judgment on this claim states that "the claims for conversion asserted herein by plaintiff and by defendants by way of counterclaim are dismissed with prejudice." So the counterclaim has been decided.

Having considered the amended complaint, the jury interrogatories, and the judgment's plain terms (in addition to all else), we hold that the court's August 19 judgment is not final because it did not address Turag's contract claim against Pegah, and it did not address the fraud claim that Turag's amended complaint alleged against Irag and Pegah.

The appeal is dismissed for lack of a final, appealable order.

Appeal dismissed without prejudice.

SWITZER and WHITEAKER, JJ., agree.

*Green & Gillespie*, by: *Chad M. Green*, for appellants.

*Rose Law Firm, a Professional Association*, by: *Peter Kumpe* and *David S. Mitchell, Jr.*, for appellee.