2009 Ark. 115

**Robert MEYER d/b/a Meyer Excavators Contractors, Appellant,**

v.

**CDI CONTRACTORS, LLC, Appellee.**

**No. 08–654.**

Supreme Court of Arkansas.

March 5, 2009.

Rehearing Denied Sept. 10, 2009.

Cyril Eugene Hollingsworth, Little Rock, for appellant.

Friday, Eldredge & Clark, LLP, by: James Carl Baker, Jr., and Kimberly Dickerson Young, Little Rock, for appellee.

PER CURIAM.

This court granted a petition for review filed by appellant Robert Meyer, d/b/a Meyer Excavators Contractors. The petition requested this court to review a decision by the court of appeals affirming the trial court's grant of summary judgment in favor of CDI Contractors, L.L.C. (CDI) on Meyer's fraudulent-inducement claim. We order rebriefing, however, because Meyer did not comply with Ark. Sup.Ct. R. 4–2(a)(5) (2008). Meyer failed to abstract depositions that provided a substantial amount of evidence to support CDI's motion for summary judgment. Further, on July 6, 2005, Meyer filed a response to CDI's motion for summary judgment that stated: "[Meyer] has controverted the facts alleged by [CDI] as detailed in [Meyer's] Brief in Support of this Response. [Meyer] incorporates by reference his Brief in Support of *this* Response." (Emphasis added.) CDI's reply brief indicates that Meyer filed his brief in support of his July 6, 2005 response, but it is not included in the addendum or the record. Thus, the record is incomplete.

Rule 4–2(a)(5) provides, in pertinent part:

The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision.

The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Ark. Sup. Ct. R. 4–2(b)(3):

Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the

filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

Arkansas Rule of Appellate Procedure—Civil 6(c) (2008) provides that this court can *sua sponte* direct the parties to supply omitted material by filing a certified, supplemental record. *See also Gilbert v. Moore,* 362 Ark. 657, 210 S.W.3d 125 (2005).

Accordingly, under Ark. Sup. Ct. R. 4–2 and Ark. R.App. P. Civ. 6(c), we order Meyer to file a substituted abstract, addendum, and brief, and to file a certified, supplemental record that includes the omitted brief in support within fifteen days from the date of entry of this order. If Meyer fails to do so within the prescribed time, the judgment appealed from may be affirmed for noncompliance with Rule 4–2. After service of the substituted abstract, addendum, and brief, CDI shall have an opportunity to revise or supplement its brief in the time prescribed by the court.

Rebriefing and supplemental record ordered.

DANIELSON and CORBIN, JJ., concur.

PAUL E. DANIELSON, Justice, concurring.

I concur with the order to rebrief and to supplement the record in the instant matter. But in addition, I take this opportunity to encourage the readoption of our former rule of affirmance in such cases. Two years ago, this court alerted the bar to the problems this court was incurring due to deficient appellate briefs. *See In re Appellate Practice Concerning Defective Briefs,* 369 Ark. App'x 553 (2007). In that vein, we stated:

> With this current raft of nonconforming briefs, and the time wasted and expense incurred, this court may be forced in the near future to return to its former rule of affirmance.

369 Ark. App'x at 554.

It is my opinion that, two years later, we have reached "the near future." So far this term, since August 2008, we have ordered rebriefing in eleven cases, and we still have several months to go. In the prior term, we ordered rebriefing in nine cases, and, in the term before that, during which we issued our alert, eleven cases. It is clear that our deficient-brief problem is getting worse, not better. Enough is enough.

CORBIN, J., joins.