2009 Ark. 322

**Joy Danielle DACHS and Joshua Allen Dachs, individually; and Joy Danielle Dachs, as Special Representative of the Estate of Elizabeth Anne Dachs, Deceased, Appellants,**

v.

**Barry D. HENDRIX, M.D.; Family Practice Clinic; Hendrix Medical Services, PLLC; Paragould Physicians Management, LLC; Rebecca Fisher, L.P.N.; Cynthia A. Bartholomew, R.N.; Arkansas Methodist Hospital Corporation d/b/a Arkansas Methodist Hospital, and d/b/a Arkansas Methodist Medical Center; and Continental Casualty Company, Appellees.**

No. 08–1191.

Supreme Court of Arkansas.

May 28, 2009.

---

Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, for appellants.

Womack, Landis, Phelps & McNeill, Jonesboro, by: Paul McNeill and Jeff Scriber, for appellees Rebecca Fisher, L.P.N., Cynthia A. Bartholomew, R.N., Arkansas Methodist Hospital Corp., and Continental Casualty Co.

Friday, Eldredge & Clark, LLP, Little Rock, by: Laura Hensley Smith and J. Adam Wells, for appellees Barry D. Hendrix, M.D., Family Practice Clinic, Hendrix Medical Services, PLLC, and Paragould Physicians Management, LLC.

PER CURIAM.

Appellants, Joy Danielle Dachs, individually and as special representative of the estate of Elizabeth Anne Dachs, deceased, and Joshua Allen Dachs, individually, petitioned this court for review of a decision of the court of appeals, which affirmed the Greene County Circuit Court's order granting summary judgment to Appellees, Barry D. Hendrix, M.D.; Family Practice Clinic; Hendrix Medical Services, PLLC; Paragould Physicians Management, LLC (hereinafter referred to collectively as "the physician defendants"); and Rebecca Fisher, L.P.N.; Cynthia A. Bartholomew, R.N.; Arkansas Methodist Hospital Corporation d/b/a/ Arkansas Methodist Hospital, and d/b/a Arkansas Methodist Medical Center; and Continental Casualty Company (hereinafter referred to collectively as "the hospital defendants"). *Dachs v. Hendrix,* 103 Ark. App. 184, 287 S.W.3d 627 (2008). When we grant a petition for review of a decision by the court of appeals, we consider the appeal as though it had originally been filed in this court. *Skallerup v. City of Hot Springs,* 2009 Ark. 276, 309 S.W.3d 196 (2009).

We granted review to address two issues of first impression: whether an amended complaint asserting survival and wrongful-death claims that were time-barred can relate back to a timely filed original complaint that alleged individual claims in addition to the survival and wrongful-death claims asserted by an improper party, and whether the death of a minor removes the minority-tolling provision of the Medical Malpractice Act. We are precluded from reaching these two issues, however, because Appellants failed to include in the addendum the hospital defendants' brief in support of their first motion for summary judgment.

The hospital defendants' second motion for summary judgment states that they "incorporate the previous summary judgment motion and brief herein by reference."

This missing brief in support of the summary judgment motion is "essential to an understanding of the case" as required by Ark. Sup.Ct. R. 4–2(a)(8), because it contains argument and citations to authority advanced by the hospital defendants on the issues of Appellants' standing or lack thereof and whether the original complaint was therefore a nullity, which is one of the very issues Appellants challenge on appeal and upon which we granted review. Moreover, we have recently stated that "an order of a circuit court cannot be reviewed for error when the addendum fails to include the documents on which the order was based." *Bryan v. City of Cotter*, 2009 Ark. 172, 303 S.W.3d 64 (2009) (per curiam). The trial court's order granting summary judgment in this case clearly states that "the motions for summary judgment by all defendants" were before the court and that the court considered "the pleadings of record, the applicable law and the arguments of counsel."

We stated in *Bryan* that "[w]e have always shown a preference for a bright-line rule with an objective standard, requiring the inclusion of pleadings and motions that led to the order being appealed, over the subjective test advocated by the dissent." *Id.* at 5, 303 S.W.3d at 67. It is because of this preference for a bright-line rule, as well as a preference for consistently applying our rules, that we order rebriefing in this case. *See, e.g., Meyer v. CDI Contractors, LLC*, 2009 Ark. 115, 313 S.W.3d 519 (2009) (per curiam) (rebriefing ordered for failure to include in record and addendum brief in support of response to motion for summary judgment); *see also Meyer v. CDI Contractors, LLC*, 2009 Ark.

304, 318 S.W.3d 87 (2009) (per curiam) (affirming for failure to include in substituted addendum brief in support of response to motion for summary judgment following order to rebrief).

It is Appellants' burden to provide us with a record, abstract, addendum, and brief that allows us to understand issues presented on appeal. *Meyer*, 2009 Ark. 304, 318 S.W.3d 87 (2009). Appellant's failure to include the missing brief in support of the hospital defendants' motion for summary judgment is a failure to comply with Ark. Sup.Ct. R. 4–2(a)(8) and precludes our review of the issues presented. Pursuant to Ark. Sup.Ct. R. 4–2(b), we order Appellants to file a substituted addendum in the case within fifteen days from the entry of this order. We encourage appellate counsel, prior to filing the substituted addendum, to review our rules and the substituted addendum to ensure that no additional deficiencies are present. *Roberts v. Roberts*, 2009 Ark. 306, 319 S.W.3d 234 (2009) (per curiam).

Rebriefing ordered.

GUNTER, J., not participating.