2009 Ark. 345

**Don GENTRY, County Judge, and Phillips County, Arkansas, Appellants,**

v.

**Christine ROBINSON, Appellee.**

No. 08–1452.

Supreme Court of Arkansas.

June 4, 2009.

C. Burt Newell, Hot Springs, for appellants.

Don R. Etherly, Helena, for appellee.

PER CURIAM.

This is an interlocutory appeal from an order of the Phillips County Circuit Court granting in part and denying in part appellant Don Gentry's motion for summary judgment on statutory immunity grounds. Gentry is the elected County Judge of Phillips County. On January 30, 2003, appellee Christine Robinson filed a complaint against Gentry and Phillips County, alleging that she had been raped by a jailer, Jimmy Ward, while she was an inmate at the Phillips County Jail. Her complaint contended that Ward's actions violated her rights protected by the Arkansas Civil Rights Act, Ark.Code Ann. § 16–123–106 (Repl.2006). She further maintained that the County owed a duty to protect her while she was incarcerated in a county facility, and that the County "failed to properly screen and hire employees of its jail [and] failed to conduct a proper background check of Jimmy Ward, which would have revealed he had engaged in

similar acts in the past." She further alleged that Ward was "negligently hired and retained by Phillips County," and that Ward's actions violated the Arkansas Civil Rights Act.

Gentry and the County answered on February 20, 2003, asserting that Robinson's complaint failed to state a cause of action upon which relief could be granted. The defendants subsequently moved for summary judgment on October 12, 2004, arguing that the pleadings and discovery documents, including deposition transcripts, revealed that there were no material facts in dispute. Gentry contended that Robinson's complaint should be "dismissed as a matter of law since there is no basis for liability as asserted by the plaintiff in her complaint based upon the undisputed facts in the record." In support of his summary-judgment motion, Gentry attached transcripts of depositions from Robinson, Sheriff T.L. Green, and jail administrator Oscar Hoskins. Both Green and Hoskins averred that it was the County's policy to conduct background checks on all potential employees.

In a brief accompanying his summary-judgment motion, Gentry argued that, at all times relevant to the suit, it was the policy of the Phillips County Sheriff's Office to do background checks on new employees, including jail staff. He also asserted that it was the jail's policy to never allow a male staff member to have contact with a female inmate unless there was a female matron present. Gentry further argued that the County's liability in a civil-rights action could only be established by showing that Robinson's rights were violated by an action pursuant to official municipal policy or misconduct so pervasive among non-policy-making County employees "as to constitute a custom or usage with the force of law." Moreover, citing *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Gentry argued that there could be no official-capacity liability based upon theories of respondeat superior.

Gentry also noted that Robinson's claims of constitutional violations stemmed from the County's alleged negligent hiring of Ward. Pointing out that the County enjoyed statutory immunity from tort actions, *see* Ark.Code Ann. § 21–9–301 (Repl.2004), Gentry urged that no tort action—such as Robinson's negligent-hiring claim—could lie against the County because of the actions of its agents or employees. Gentry argued that, to the extent that this "negligent hiring" could be considered a constitutional violation that could be maintained under the Civil Rights Act, then Robinson could not prevail "because Phillips County had a policy of performing background checks on applicants such as Jimmy Ward and, in fact, did a background check prior to his hire." Therefore, Gentry concluded that Robinson had failed to raise a genuine issue of material fact concerning the existence of a pattern of unconstitutional misconduct or deliberate indifference to or tacit authorization of such conduct by the County.

Robinson replied to Gentry's motion for summary judgment on November 12, 2004. In her accompanying brief, she pointed to Hoskins's deposition testimony that he did not recall the actual hiring of Jimmy Ward; further, although he said that the general process involved gathering the criminal records of an applicant to determine if he or she was fit to work in the jail, Hoskins said that he never reviewed NCIC records for any potential employee for the jail. Robinson also pointed to Green's deposition testimony, wherein he stated that he never participated in criminal background checks for jail employees.

Based on these depositions, Robinson alleged that it was "clear that Phillips

County either had no policies in place to protect the plaintiff or it chose to ignore or disregard the existing policies." Robinson urged that there were disputed issues of fact that precluded granting Gentry's motion for summary judgment.

After a hearing on November 13, 2008, the circuit court entered an order in which it granted Gentry's motion for summary judgment in part and dismissed Robinson's tort claims. However, the court denied the motion relative to Robinson's claims that Gentry and the County had violated the Arkansas Civil Rights Act. Gentry filed a timely notice of appeal, and he now urges this court to conclude that Robinson's complaint should have been dismissed in its entirety.

■ We are unable to reach the merits of Gentry's arguments, however, because he has failed to comply with Arkansas Supreme Court Rule 4–2(a)(5). Rule 4–2(a)(5) provides, in pertinent part, as follows:

The appellant's abstract or abridgment of the transcript should consist of an impartial condensation, without comment or emphasis, of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the Court for decision. Depositions shall be abstracted in a similar fashion.

■ The procedure to be followed when an appellant has submitted an insufficient abstract or addendum is set forth in Ark. Sup.Ct. R. 4–2(b)(3):

Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief, at his or her own expense, to conform to Rule 4–2(a)(5) and (8). Mere modifications of the original brief by the appellant, as by interlineation, will not be accepted by the Clerk. Upon the filing of such a substituted brief by the appellant, the appellee will be afforded an opportunity to revise or supplement the brief, at the expense of the appellant or the appellant's counsel, as the Court may direct. If after the opportunity to cure the deficiencies, the appellant fails to file a complying abstract, Addendum and brief within the prescribed time, the judgment or decree may be affirmed for noncompliance with the Rule.

In this case, although Gentry's motion for summary judgment and Robinson's response thereto relied heavily on the transcripts of the depositions given by Hoskins and Green, Gentry failed to abstract material parts of those documents. While he did provide one page of Hoskins's deposition in his addendum, that sole page does not touch on Hoskins's testimony concerning the County's policies regarding background checks on prospective employees. No portions of Green's deposition were abstracted or included in the addendum.

Accordingly, pursuant to Ark. Sup.Ct. R. 4–2, we order Gentry to file a substituted brief, abstract, and addendum that abstracts the relevant portions of Hoskins's and Green's deposition testimony, along with any other portions of depositions that are determined to be necessary to an understanding of all questions presented to this court for decision. *See Meyer v. CDI Contractors, LLC,* 2009 Ark. 115, 313 S.W.3d 519 (per curiam) (failure to ab-

stract depositions that supported a motion for summary judgment necessitated re-briefing). The substituted brief, abstract, and addendum shall be submitted within fifteen days from the date of entry of this order. We encourage appellate counsel, prior to filing the substituted brief, to review our rules and the substituted abstract and addendum to ensure that no additional deficiencies are present. *See Dachs v. Hendrix,* 2009 Ark. 322, 320 S.W.3d 645 (per curiam); *Roberts v. Roberts,* 2009 Ark. 306, 319 S.W.3d 234 (per curiam). If Gentry fails to do so within the prescribed time, the judgment appealed from may be affirmed for noncompliance with Rule 4–2. After service of the substituted abstract, brief, and addendum, Robinson shall have an opportunity to revise or supplement her brief in the time prescribed by the court.

Rebriefing ordered.