
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-651

| | |
|---|---|
| J.C. LOOKABAUGH | **Opinion Delivered** January 22, 2014 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [NO. CV-13-424] |
| HANNA OIL AND GAS COMPANY | HONORABLE JAMES O. COX, JUDGE |
| APPELLEE | REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

J.C. Lookabaugh appeals from an order of the Sebastian County Circuit Court granting summary judgment in favor of appellee Hanna Oil & Gas Co. ("Hanna"). Because of deficiencies in Lookabaugh's addendum, we must order rebriefing.

Hanna filed suit against Lookabaugh seeking recovery of $71,135.33 of gas-well royalty payments under claims of unjust enrichment and fraud. Lookabaugh answered that the suit should be dismissed for failure to include three necessary parties. Lookabaugh later received court permission and filed a third-party complaint against those alleged necessary parties seeking contribution from them in the event that Hanna recovered from him.

Hanna subsequently moved for summary judgment. The circuit court entered an order granting Hanna's summary-judgment motion, finding that it was undisputed that

Hanna paid Lookabaugh $71,135.33 for a royalty interest that Lookabaugh did not own. Lookabaugh filed a motion for new trial, arguing that the circuit court improperly considered evidence that Hanna submitted in a posttrial brief after the court had already conducted the summary-judgment hearing. The circuit court denied the new-trial motion, and Lookabaugh timely filed a notice of appeal.[1]

We are unable to address the merits of Lookabaugh's argument at this time, however, because of deficiencies in his addendum. Arkansas Supreme Court Rule 4-2(a)(8) provides that the addendum "shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court *to confirm its jurisdiction*, to understand the case, and to decide the issues on appeal." (Emphasis added.) Our appellate jurisdiction depends upon the entry of a final, appealable order. *Epting v. Precision Paint & Glass, Inc.*, 353 Ark. 84, 110 S.W.3d 747 (2003); *Milner v. Luttrell*, 2010 Ark. App. 409. Therefore, an appellant's addendum must demonstrate finality. *Milner*, *supra*.

Lookabaugh's addendum contains the order granting summary judgment, the order denying his motion for new trial, and both notices of appeal. However, Lookabaugh also filed a third-party complaint against three additional parties. The circuit court's order granting summary judgment does not address these parties. The record contains the court's order granting Lookabaugh's motion for default judgment against the third-party defendants,

---

[1]Lookabaugh had previously filed a timely notice of appeal from the order granting summary judgment. His amended notice of appeal incorporated both the summary-judgment order and the order denying his new-trial motion.

but this order, which makes it clear that there is a final and appealable order, is not included in the addendum.

Because the addendum does not include the order showing that the circuit court disposed of all claims by and against all parties, we cannot tell from Lookabaugh's addendum whether we have jurisdiction of this appeal. While that order is in the record, this court has noted that the supreme court has "announced a preference for rebriefing when an addendum is missing key documents." *Milner*, 2010 Ark. App. 409, at 2 (citing *Dachs v. Hendrix*, 2009 Ark. 322, 320 S.W.3d 645; *Crenshaw v. Ark. Warehouse, Inc.*, 2010 Ark. App. 287).

We therefore order Lookabaugh to file, within seven days from the date of this opinion, a supplemental brief with an addendum that contains the order granting default judgment against the third-party defendants.

Rebriefing ordered.

GRUBER and VAUGHT, JJ., agree.

*Rush & Rush*, by: *David L. Rush*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Thomas A. Daily*, for appellee.