

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-989

A. POWELL SANDERS

APPELLANT

V.

ANN KAY PASSMORE

APPELLEE

**Opinion Delivered** April 16, 2014

APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT
[No. DR-2010-610]

HONORABLE JAMES O. COX, JUDGE

DISMISSED

## LARRY D. VAUGHT, Judge

In this divorce proceeding, appellant A. Powell Sanders appeals two orders entered by the Sebastian County Circuit Court. The first is an amended order distributing the marital property of Sanders and appellee Ann Kay Passmore, and the second is an order denying Sanders's motion for new trial. On appeal, Sanders argues that the trial court erred in awarding Passmore full interest in a $468,000 BKD Wealth Management Services account to which Passmore contributed funds during the course of the marriage; in finding that Passmore loaned Sanders's law firm $40,991.50 and ordering him to repay the loan; and in dividing the parties' personal property inequitably. Because the orders from which Sanders appeal are not final, we dismiss the appeal.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. When the order appealed from is not final, we have no jurisdiction to decide the merits. *Carroll v.*

SLIP OPINION

*Carroll*, 2013 Ark. App. 286, at 2. As a general rule, a conditional judgment, order, or decree, the finality of which depends on certain contingencies that may or may not occur, is not a final order for purposes of appeal. *Id.*

In this case, the trial court's amended order described four items of personal property owned by the parties and ordered the parties to make sealed bids for each item. If neither party bid on an item, the amended order provided that "the parties will cooperate and ask an auctioneer to add that particular item(s) to an upcoming auction and the net proceeds will be divided equally between the parties."

An order announcing the trial court's determination of the rights of the parties but contemplating further judicial action is not appealable. *Carroll*, 2013 Ark. App. 286, at 2. There, we held that the trial court's order left matters undecided between the parties and tasks yet to be performed: the appellee's appointment of an auctioneer and potential objection by the appellant; the auction and potential sale of a hunting-club membership; and the confirmation of the sale by the court. *Carroll*, 2013 Ark. App. 286, at 2–3. *See also Wadley v. Wadley*, 2010 Ark. App. 733, at 2–3 (dismissing an appeal for lack of a final order where it left matters undecided between the parties, e.g., whether they would agree on identification and division of marital property; and if not, whether they would agree on an auctioneer and commission arrangement, sale date, place, and terms).

Likewise, in the instant case, the trial court's amended order leaves matters undecided between the parties and tasks yet to be performed: whether the parties will bid on the four items of personal property, and if not, whether the parties will agree on an auctioneer, the

auctioneer's commission arrangement, and the date, place, and terms of the sale. Therefore, the amended order is not final. The order denying Sanders's motion for new trial is silent on this issue; thus, the lack of a final order persists. Without a final order, we have no jurisdiction to decide the merits. Accordingly, we dismiss the appeal without prejudice.

Dismissed.

GRUBER and WHITEAKER, JJ., agree.

*Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan*; and
*Law Office of Eddie N. Christian*, by: *Eddie N. Christian*, for appellant.

*Jones, Jackson & Moll, PLC*, by: *Mark A. Moll* and *Kathryn A. Stocks*, for appellee.