
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-352

| | | |
|---|---|---|
| KATHLEEN F. WHITE | | Opinion Delivered: November 5, 2014 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. DR-2012-120 III] |
| BRIAN WHITE | | |
| | APPELLEE | HONORABLE LYNN WILLIAMS, JUDGE |
| | | DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant Kathleen White appeals from the circuit court's December 30, 2013 divorce decree granting appellee Brian White's complaint for divorce. On appeal, appellant argues that the circuit court (1) abused its discretion in denying her claim for alimony and (2) erred by failing to divide the property and retirement benefits of the parties in an equitable manner. We dismiss the appeal for lack of a final, appealable order.

Rule 2(a)(1) of the Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. Whether an order is final and appealable is a matter going to our jurisdiction; jurisdiction is an issue that we are obligated to raise on our own motion.[1] For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the

---

[1] *Dobbs v. Dobbs*, 99 Ark. App. 156, 157, 258 S.W.3d 414, 415 (2007) (citing *Capitol Life & Acc. Ins. Co. v. Phelps*, 72 Ark. App. 464, 37 S.W.3d 692 (2001)).

SLIP OPINION

subject matter in controversy.[2] Thus, the order must put the trial court's directive into execution, ending the litigation or a separable branch of it.[3] An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.[4] When the order appealed from is not final, this court will not decide the merits of the appeal.[5]

In *Nix v. Nix*, this court quoted a section of a divorce decree from *Wadley v. Wadley*, which stated the following:

> Unless otherwise specified herein, the parties shall have sixty (60) days from entry of this DECREE OF DIVORCE to agree upon a disposition of the remaining items of marital property. Any property division not agreed upon within the sixty (60) days shall be sold by public auction, with the parties responsible for hiring an auctioneer and advertising said sale. Any and all proceeds from the sale of the property, after the costs of the auctioneer and advertising shall be equally divided between the parties.[6]

The decree in *Wadley* had been deemed not final "because the relief granted was in part conditioned upon the actions of the parties, and the record did not show what actions the parties had taken with respect to the disposition of the remaining items of marital property."[7]

---

[2] *Colley v. Colley*, 2014 Ark. App. 194, at 1–2 (citing *Roberts v. Roberts*, 70 Ark. App. 94, 14 S.W.3d 529 (2000)).

[3] *Id.*, 2014 Ark. App. 194, at 2.

[4] *Carek v. Carek*, 2011 Ark. App. 770, at 2 (citing *Farrell v. Farrell*, 359 Ark. 1, 193 S.W.3d 734 (2004)).

[5] *Nix v. Nix*, 2014 Ark. App. 162, at 1 (citing *Wadley v. Wadley*, 2010 Ark. App. 733).

[6] *Id.* 2014 Ark. App. 162, at 2 (quoting *Wadley v. Wadley*, 2010 Ark. App. 733, at 2).

[7] *Id.*

SLIP OPINION

In *Nix*, the divorce decree at issue stated "[t]he parties shall have thirty days to reach an agreement regarding the division of marital personal property listed in Schedule C, otherwise the property shall be sold at private auction." This court held there that the decree left several matters undecided between the parties, specifically noting that "whether they will reach an agreement regarding the remaining personal property; and whether they will agree on a date, place, and terms of sale for a private auction" were left undecided.

In the instant case, paragraph six of the divorce decree provides in pertinent part:

> The parties own a home at 4823 Park Avenue, Hot Springs, Arkansas as tenants by the entirety. The said residence shall be sold, at public auction, to the highest bidder. The proceeds of the sale shall be first applied to the costs of sale, then to satisfy the indebtedness to Chase Financial. Any remaining net proceeds of the sale shall be divided equally between the Plaintiff and Defendant. The sale of the residence shall occur within thirty (30) days of entry of the Decree of Divorce.

Paragraph nine states that:

> The parties shall have thirty (30) days to divide the personal property located in the marital home. All property not agreed to be divided by the parties shall be auctioned by the Garland County Circuit Clerk within ninety (90) days of this Decree and the proceeds equally divided between parties.

As a general rule, a conditional judgment, order, or decree, the finality of which depends on certain contingencies that may or may not occur, is not a final order for purposes of appeal.[8] As in *Nix* and *Wadley*, the relief granted in the divorce decree presently before this court was, in part, conditioned upon the agreement and future actions of the parties that may or may not occur. Thus, there is no final, appealable order.

Appeal dismissed.

---

[8] *Wadley v. Wadley*, 2010 Ark. App. 733, at 2 (citing *Mid-State Homes, Inc. v. Beverly*, 20 Ark. App. 213, 727 S.W.2d 142 (1987)).

3

SLIP OPINION

WHITEAKER and HIXSON, JJ., agree.