
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-14-436

| | | |
|---|---|---|
| CHARLES McINTOSH | | **Opinion Delivered** December 17, 2014 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTEENTH DIVISION [NO. 60CR2011-2584] |
| V. | | |
| | | HONORABLE RICHARD MOORE, JUDGE |
| KIM McINTOSH | | |
| | APPELLEE | APPEAL DISMISSED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Charles McIntosh and appellee Kim McIntosh were married in 1996 and had one daughter, K.M. Kim filed a complaint for divorce from Charles in 2012 and sought primary physical custody of K.M. Following a trial, the Pulaski County Circuit Court granted Kim's complaint for divorce. Charles timely appealed and now argues to this court that the circuit court erred in (1) setting child support based on a draft of a 1099 tax form; and (2) not awarding him standard visitation, which would have included extended summer visitation. Because we lack a final, appealable order, we dismiss Charles's appeal.

Rule 2(a)(1) of the Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. When the order appealed from is not final, this court will not decide the merits of the appeal. *Wadley v. Wadley*, 2010

SLIP OPINION

Ark. App. 733. Whether a final judgment, decree, or order exists is a jurisdictional issue that we have the duty to raise, even if the parties do not, in order to avoid piecemeal litigation. *Id.*

For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* Thus, the order must put the trial court's directive into execution, ending the litigation or a separable branch of it. *Id.* An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Id.* Moreover, where the order appealed from reflects that further proceedings are pending, which do not involve merely collateral matters, the order is not final. *Id.*

In the divorce decree, the circuit court granted Kim a divorce and awarded her custody of K.M., subject to Charles's visitation. The court calculated Charles's child-support obligation and determined that he owed child-support arrearages. The court further found that Kim and Charles had sold their marital home by agreement; that Kim's attorneys held the proceeds from the sale in trust; and that the proceeds were marital property to be split evenly between Kim and Charles, subject to Charles's obligation to reimburse Kim for certain expenses, set out in a chart in the decree. With respect to the couple's personal property, the decree provided as follows:

> 20. Personal Property. That the parties own [several enumerated categories of] personal property[.]

> . . . .

2

That the parties shall, within two (2) weeks from the entry of this Decree exchange complete lists of all the personal property mentioned in the above category for the purposes of compiling an inventory for auction. The parties shall each have one (1) week to dispute the accuracy of the inventory provided by the other party.

That within one (1) week following the exchange of inventories and the agreement on the accuracy of the same, then these items shall be advertised for sale at auction.

That any proceeds received as a result of the auction of the personal property shall be divided equally between the parties except, however, from [Charles's] share of the proceeds shall first be paid to [Kim] any sums left due to her from him as listed in the chart concerning the disbursements, above, and then any amounts owing for child support arrearages shall be paid to her from his share of the proceeds.

. . . .

The parties are free to divide the personal property mentioned herein by other means at any time by mutual agreement prior to the sale of the property.

In several recent similar cases, this court has held that such an order is not a final order for purposes of appeal. *White v. White*, 2014 Ark. App. 628; *Sanders v. Passmore*, 2014 Ark. App. 237; *Colley v. Colley*, 2014 Ark. App. 194; *Nix v. Nix*; 2014 Ark. App. 162; *Carroll v. Carroll*, 2013 Ark. App. 286; *Wadley v. Wadley*, 2010 Ark. App. 733. In these cases, this court noted that the divorce decrees left "matters undecided between the parties and tasks yet to be performed." *Sanders*, 2014 Ark. App. 237, at 2. For example, in *White v. White*, the decree ordered the parties to divide the personal property remaining in the marital home within thirty days, and any property to which the parties could not agree was to be auctioned off. *White*, 2014 Ark. App. 628, at 3. Similarly, in *Nix v. Nix*, the divorce decree directed the parties to reach an agreement on the division of marital property within thirty days of the court's order or, failing that, to sell the property at a private auction. *Nix*, 2014 Ark. App.

162, at 3. In *Wadley v. Wadley*, *supra*, the divorcing couple was ordered to agree on the disposition of remaining items of marital property or sell the property at auction. There, this court noted that the circuit court's decree

> left matters undecided between the parties, e.g., whether they will agree on identification of "the remaining items of marital property"; whether they will agree to a division; and if not, whether they will agree on which auctioneer to be selected and commission arrangement; and whether they will agree on the sale date, place and terms of sale. The relief granted was in part conditioned upon the actions of the parties, and the record does not show what actions the parties have taken with respect to the disposition of the remaining items of marital property. As a general rule, a conditional judgment, order, or decree, the finality of which depends on certain contingencies that may or may not occur, is not a final order for purposes of appeal. *See Mid-State Homes, Inc. v. Beverly*, 20 Ark. App. 213, 727 S.W.2d 142 (1987). Because there has been no final, appealable order entered in this case, the appeal and cross-appeal are dismissed.

*Wadley*, 2010 Ark. App. 733, at 2–3.

Likewise, here, the court's order leaves matters undecided between the parties: what items of personal property will be included in each party's list; whether the parties will agree on each other's list; and whether they will agree to divide the property by some means prior to an auction. Accordingly, because the relief granted was in part conditioned upon the future actions of the parties that may or may not occur, we lack a final, appealable order.

Appeal dismissed.

GLOVER and PITTMAN, JJ., agree.

*Worsham Law Firm, P.A.*, by: *Richard E. Worsham*, for appellant.

*Satterfield Law Firm, PLC*, by: *Cynthia S. Moody*, for appellee.