
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–14–425

| | |
|---|---|
| | **Opinion Delivered** February 18, 2015 |
| TINA ALMASY BURTON<br>APPELLANT | APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT [NO. DR-03-154] |
| V. | |
| DAVID TEMPLEMAN | HONORABLE KEVIN KING, JUDGE |
| APPELLEE | APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

The parties, who were married eleven years and had four children together, divorced in 2003. David Templeman received custody of the children, and Tina Burton received standard visitation. In June 2012, the circuit court found that a material change of circumstances had occurred when Templeman moved to Georgia with the children. As a result, the court modified Tina Burton's visitation rights; it also ordered that the "children shall not be exposed to Anthony Burton." Burton was Tina's boyfriend at the time and is a convicted felon. Tina later married Anthony Burton.

In September 2012, Tina moved again to modify visitation. More than one year later, in November 2013, David filed a motion for citation and other relief, alleging that Tina had exposed the children to Anthony Burton in violation of the court's June 2012 order. In due course, the court convened a hearing on Tina's request to modify visitation

SLIP OPINION

and David's motion for citation. The court entered an order in February 2014, which states in part:

> That [David's] motion for directed verdict is granted as [Tina] failed to prove the existence of a material change in circumstances, or an agreement between the parties, which would allow modification of the previous order herein. Therefore [Tina's] complaint is denied.
>
> . . . .
>
> The Court reserves a ruling on [David's] Motion for Citation and Other Relief.

Tina timely appealed that order to this court, but we cannot yet decide this appeal's merits.

Under Arkansas Rule of Civil Procedure 54(b) (2013), an order is not final when it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." The circuit court decided the visitation issue, but it specifically reserved a ruling on the contempt issue. And we have no Rule 54(b) certificate that might create the finality necessary to vest this court with jurisdiction to address the visitation issue that was decided. *See Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998). Because the February 26 order that Tina has appealed is not a final, appealable order we must dismiss this appeal without prejudice.

Appeal dismissed.

WHITEAKER and VAUGHT, JJ., agree.

*Dick Jarboe*, for appellant.

No response.