SLIP OPINION

Cite as 2015 Ark. App. 547

# ARKANSAS COURT OF APPEALS

DIVISION I
**Nos.** CV–14–353; CV–14–1096

| | |
|---|---|
| JEANNIE SHERMAN<br><br>APPELLANT<br><br>V.<br><br>RAYMOND BOECKMANN<br><br>APPELLEE | Opinion Delivered October 7, 2015<br><br>APPEAL FROM THE CROSS COUNTY CIRCUIT COURT [NO. 19-DR-12-81-4]<br><br>HONORABLE KATHLEEN BELL, JUDGE<br><br>APPEAL DISMISSED (CV-14-353); REBRIEFING ORDERED (CV-14-1096) |

## BRANDON J. HARRISON, Judge

Jeannie Sherman and Raymond Boeckmann were divorced by order of the Cross County Circuit Court in September 2013. Sherman appeals from the circuit court's orders dividing the marital property (CV-14-353) and finding her in contempt (CV-14-1096). Because the circuit court's divorce decree is not a final order, we must dismiss the appeal in CV-14-353, and we order rebriefing in CV-14-1096.

In its decree, the circuit court ordered the parties' real and personal property to be sold on mutually agreeable terms, but if they could not agree, then the clerk of the court would sell the property and divide the proceeds equally. This same type of provision has

SLIP OPINION

resulted in our court dismissing several recent appeals for want of a final order.  *See Kelly v. Kelly*, 2015 Ark. App. 147; *Moore v. Moore*, 2015 Ark. App. 115; *White v. White*, 2014 Ark. App. 628; *Sanders v. Passmore*, 2014 Ark. App. 237; *Colley v. Colley*, 2014 Ark. App. 194; *Nix v. Nix*, 2014 Ark. App. 162; *Carroll v. Carroll*, 2013 Ark. App. 286; *Wadley v. Wadley*, 2010 Ark. App. 733.[1]  When the order appealed from is not final, we are without jurisdiction to decide the merits.  *Carroll, supra.*  Thus, we dismiss CV-14-353 without prejudice.

Although we are dismissing CV-14-353, we take this opportunity to note some addendum deficiencies that should be corrected before the case is refiled with this court. Although the parties do not raise the issue, we may raise issues of deficiencies in the abstract and addendum on our own motion.  Ark. Sup. Ct. R. 4-2(b)(2); *see also City of Dover v. City of Russellville*, 351 Ark. 557, 95 S.W.3d 808 (2003).  The most obvious deficiency is that Sherman failed to include the order amending the divorce decree, entered in October 2013, in her addendum.  Our briefing rules specify the documents required to be in the addendum, including all versions of the order being challenged on appeal if the court amended the order. Ark. Sup. Ct. R. 4-2(a)(8)(i). This order is especially important because the original decree awarded Boeckmann certain offsets but did not specify an amount for such offsets; the amended order, however, cures this potential finality problem because it specifies the amounts of the offsets awarded to Boeckmann.

---

[1] The Arkansas Supreme Court has granted petitions for review in *Moore* and *Kelly*, as well as taken a third case, *Davis v. Davis*, No. CV-14-533, on certification.

SLIP OPINION

Next, Rule 4–2(a)(8)(i) also requires that all notices of appeal be included in the addendum. Sherman's addendum only contains the notice of appeal she filed on 24 October 2013. But she amended her notice of appeal twice after the circuit court entered its 30 October 2013 order amending the decree. Neither of the amended notices are in the addendum. Also missing from the addendum are the parties' posttrial letter briefs that served as proposed findings of fact as to the division of marital property.[2] *See* Ark. Sup. Ct. R. 4–2(a)(8)(A)(i). Several other documents in the addendum refer to these posttrial letter briefs and the arguments made there.

Another problem, albeit a seemingly persnickety one, is that Sherman bound her abstract in a second volume, separate from the rest of her brief. While this may make the appeal easier to handle, doing so departs from the prescribed order of contents for a brief. *See* Ark. Sup. Ct. R. 4–2(a)(1)–(8)("[t]he contents of the brief *shall* be in the following order")(emphasis added). This kind of deviation requires a motion that shows good cause for this step. *See Lackey v. Mays*, 100 Ark. App. 386, 388, n.1, 269 S.W.3d 397, 398 (2007). No such motion was filed in this case.

We now turn to briefing deficiencies in CV–14–1096. This appeal concerns multiple hearings and petitions for contempt filed by Boeckmann. Sherman appeals from the circuit court's contempt order entered on 21 May 2014. That order and a 5 February 2014 contempt order both addressed issues raised in a 25 November 2013 hearing; however, Sherman failed to abstract that hearing. Rule 4–2(a)(5) of the Rules of the

---

[2] Boeckmann's letter brief appears in the record, but Sherman's does not. The circuit court, however, later references letter briefs from both parties. If Sherman did file a letter brief and it was inadvertently omitted from the record, she should take appropriate action to have the record supplemented and then supplement her addendum accordingly.

Supreme Court and Court of Appeals provides in pertinent part that the appellant's abstract should consist of an impartial condensation, without comment or emphasis, of such material parts of the testimony of the witnesses and colloquies between court and counsel as are necessary to an understanding of all questions presented to the court for decision.

The November 25 hearing resulted from Boeckmann's contempt petition filed on 29 October 2013. That petition is not included in either addendum. An order of a circuit court cannot be reviewed for error when the addendum fails to include the documents on which the order was based. *Dachs v. Hendrix*, 2009 Ark. 322, at 3, 320 S.W.3d 645, 647 (per curiam) (quoting *Bryan v. City of Cotter*, 2009 Ark. 172, at 4, 303 S.W.3d 64, 66–67 (per curiam)). Boeckmann's 20 November 2013 contempt petition is also not included in the addendum, but it should be.

It is Sherman's burden to provide this court with a record, abstract, addendum, and argument that allows us to understand issues presented on appeal. *Dachs, supra.* She has failed to do so. We therefore order Sherman to file a substituted brief in CV–14–1096 curing the noted deficiencies within fifteen days pursuant to Rule 4–2(b)(3). Boeckmann will then have the opportunity to revise or supplement his brief. Ark. Sup. Ct. R. 4–2(b)(3). We also encourage Sherman to cure the noted deficiencies in CV–14–353 before refiling the case with this court. Finally, the deficiencies we have noted in both cases are not to be taken as an exhaustive list, and we encourage counsel to review our rules to ensure that no other deficiencies are present.

Appeal dismissed (CV–14–353); rebriefing ordered (CV–14–1096).

SLIP OPINION

ABRAMSON and BROWN, JJ., agree.

*The Law Offices of Ford & Cook, PLC*, by: *Paul N. Ford*, for appellant.

*John D. Bridgforth, P.A.*, for appellee.