

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-15-961

| | | |
|---|---|---|
| | | Opinion Delivered: **AUGUST 24, 2016** |
| J. DAVID JOHN | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. DR-10-1327] |
| V. | | |
| MEGAN MARIE BOLINDER | APPELLEE | HONORABLE DOUG SCHRANTZ, JUDGE |
| | | APPEAL DISMISSED |

**KENNETH S. HIXSON, Judge**

Appellant J. David John and appellee Megan Marie Bolinder were never married, but share a son, Isaiah, who was born on March 12, 2010.[1] On February 9, 2012, the trial court entered an order awarding primary custody of the child to Megan, while awarding David visitation and ordering him to pay child support. The trial court awarded David visitation with the child for one week per month, while also awarding him extended visitation in the summer. On February 27, 2014, the trial court entered an order decreasing David's nonsummer visitation to one weekend per month based on the child's enrollment in school, with the remainder of the visitation schedule to remain the same.

On November 26, 2014, David filed a motion for the release of Megan's medical and psychological records back to age twenty-five. On April 28, 2015, David filed a motion to modify child support, confirm length of summer visitation, or alternatively to modify

---

[1] David lives in Chicago, Illinois, and Megan lives in Bentonville, Arkansas.

summer visitation. In that motion, David requested that his child-support obligation be reduced during the time he exercised his summer visitation with his son. David also requested more summer visitation than he had been previously exercising due to the drastic reduction in his nonsummer visitation.

A hearing on David's motions was held on May 27, 2015. At that hearing, as well as at a subsequent hearing, it was noted by the parties that there was also an unresolved contempt motion that had been filed by Megan against David.

On June 30, 2015, the trial court entered an order denying David's request for the release of Megan's medical records and denying David's motion to modify summer visitation based on its determination that David had failed to prove a material change in circumstances. The trial court did, however, slightly alter the summer-visitation schedule in its order. David now appeals from the June 30, 2015 order, arguing that the trial court erred in denying his request for medical records and further erred in its ruling with respect to visitation.

We must dismiss David's appeal because the trial court's order is not final and appealable. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. For a judgment to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *McIntosh v. McIntosh*, 2014 Ark. App. 723. An order is not final when it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Id.* Moreover, where the order reflects that further proceedings are pending, which do not involve merely collateral matters such

SLIP OPINION

as attorney's fees, the order is not final. *Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). The underlying policy of this rule is to avoid piecemeal appeals; even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case. *Norman v. Norman*, 342 Ark. 493, 30 S.W.3d 83 (2000).

In the order David attempts to appeal, the trial court ruled on the medical–records and visitation issues. However, it specifically reserved ruling on David's motion to modify child support. Additionally, the trial court's order set David's motion to modify child support, as well as Megan's petition and amended petition for contempt, for a trial at a later date. Because the trial court's order does not resolve all of the disputed issues and reflects that further proceedings are pending, the order is not final and we lack jurisdiction to review it.[2] Therefore, we dismiss the appeal without prejudice.

Appeal dismissed.

KINARD and WHITEAKER, JJ., agree.

*Williams & Anderson PLC*, by: M*arie-Bernarde Miller* and *Bonnie Joan Johnson*, for appellant.

*Keith, Miller, Butler, Schneider & Pawlik, PLLC*, by: *Mason L. Boling* and *Kristin L. Pawlik*, for appellee.

---

[2] In David's reply brief, he acknowledges that the child-support and contempt issues remain pending before the trial court, but he asserts without citation to authority that these are merely collateral matters that do not affect the finality of the order. However, we do not agree, and our conclusion is supported by our prior holdings. *See Burton v. Templeman*, 2015 Ark. App. 101; *Mitchell v. Mitchell*, 98 Ark. App. 47, 249 S.W.3d 847 (2007).