SLIP OPINION

Cite as 2016 Ark. App. 562

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-16-107

LESTER FULMER, ROB BENTLEY, ROBERT BEST, AND CARL CHILSON
APPELLANTS

V.

WILLIAM HURT, MICHAEL HOOVER, AND MOBILITY LIFT SYSTEMS, LLC
APPELLEES

OPINION DELIVERED: NOVEMBER 30, 2016

APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. 12-CV-12-177-4]

HONORABLE TIM WEAVER, JUDGE

REBRIEFING ORDERED

**ROBERT J. GLADWIN, Chief Judge**

Appellants Lester Fulmer, Rob Bentley, Robert Best, and Carl Chilson appeal the October 8, 2015 order entered by the Cleburne County Circuit Court granting the motion for summary judgment filed on August 3, 2015, by appellees William Hurt, Michael Hoover, and Mobility Lift Systems, LLC. On appeal, appellants argue that the trial court imposed a higher standard of misconduct by appellees to support piercing the corporate veil than is required by Arkansas law. Because of multiple omissions from appellant's addendum and pagination errors in the argument, however, we must order rebriefing at this time.

An appellant's addendum is to contain true and legible copies of the nontranscript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. Ark. Sup. Ct. R. 4-2(a)(8) (2016). The addendum is missing at least two vitally important pleadings: (1) appellants' brief in support of their response to appellees' motion for summary judgment

and (2) appellees' reply to appellants' response to their motion for summary judgment. Although appellees filed a supplemental abstract and addendum that consists of multiple exhibits to these pleadings, it does not include the actual pleadings.

Additionally, appellants fail to include proper page references in the argument section of their brief. Arkansas Supreme Court Rule 4-2(a)(7) provides that references in the argument portion of briefs to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found. Appellant's argument section contains multiple references to record page numbers only, without corresponding abstract or addendum page numbers. Some of those references can be matched to documents in appellees' supplemental addendum or testimony in appellees' supplemental abstract, but others appear to correspond to items not in any addendum or abstract currently before us.

Two cases from our supreme court reiterate its position on the necessary compliance with Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) and appellants' burden to provide a record, abstract, addendum, and brief that allows us to understand the case and decide the issues presented on appeal. *See Dachs v. Hendrix*, 2009 Ark. 322, 320 S.W.3d 645; *Meyer v. CDI Contractors, LLC*, 2009 Ark. 115, 313 S.W.3d 519. In accord with our requirement that the party rebrief where essential materials have been omitted from the abstract and addendum, we allow appellants fifteen days from the date of this opinion in which to file a substituted brief, abstract, and addendum to cure any and all deficiencies, at their own expense. *See* Ark. Sup. Ct. R. 4–2(b)(3). We encourage appellants to carefully and thoroughly review our rules to ensure that no additional deficiencies are present, and we

caution that if they fail to file a complying brief, abstract, and addendum within the prescribed time, the judgment may be affirmed for noncompliance with the rules. *Id*.

Rebriefing ordered.

KINARD and HIXSON, JJ., agree.

*Richard Mays Law Firm, PLLC*, by: *Richard H. Mays*, for appellants.

*Womack Phelps Puryear Mayfield & McNeil, P.A.*, by: *Jeffrey W. Puryear* and *Ryan M. Wilson*, for appellees.