Cite as 2021 Ark. App. 477

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.**  CV-20-661

| | |
|---|---|
| J. DAVID JOHN<br><br>APPELLANT<br><br>V.<br><br>MEGAN MARIE BOLINDER<br><br>APPELLEE | **Opinion Delivered** December 1, 2021<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04DR-10-1327]<br><br>HONORABLE DOUG SCHRANTZ, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## KENNETH S. HIXSON, Judge

Appellant J. David John appeals from a July 29, 2020 domestic-relations order that dismissed David's petition to hold appellee Megan Marie Bolinder in contempt and "restated" the parties' visitation arrangement. David also appeals from an order entered the same day that awarded Megan $4480 in attorney's fees. On appeal, David argues that the trial court erred in dismissing his contempt petition, erred in "effectively changing visitation" without a change in circumstances, and erred in awarding attorney's fees. We must dismiss the appeal without reaching the merits of David's arguments because the appeal is taken from orders that are not final.

David and Megan were never married but they share a son, I.J., who was born in March 2010. Since I.J. was born, the parties have engaged in long-running and contentious litigation. In the initial round of litigation, the trial court awarded custody to Megan, granted David visitation, and ordered David to pay child support. David appealed the initial

award of custody, visitation, and child support, raising several issues on appeal. Megan cross-appealed, arguing that the trial court erred in its calculation of David's child support. In *John v. Bolinder*, 2013 Ark. App. 224, we affirmed the direct appeal but reversed and remanded the cross-appeal with instructions for the trial court to use a different method to calculate David's child support.

On remand, the trial court entered an order that increased David's child-support obligation. Over the next several years, additional rounds of litigation ensued that resulted in various orders by the trial court relating to child support, visitation, contempt, and attorney's fees.

The present round of litigation arose on May 8, 2020, when David filed an emergency petition for contempt against Megan for violating and interfering with his court-ordered visitation rights. David sought to hold Megan in contempt for refusing to send I.J. to visit David at his home in Chicago, Illinois, for visitations in March and April 2020, which was during the early stages of the COVID-19 pandemic. In David's petition, he also sought clarification of the visitation schedule and asked that he be awarded additional visitation to make up for visitation that was lost.

On June 10, 2020, Megan filed a response to David's emergency petition as well as a counterclaim for contempt. In her response, Megan admitted that she declined to send I.J. to Chicago during the alleged visitation periods but denied that her acts were willful or contemptuous because she was acting prudently in response to the global pandemic in the interest of I.J.'s well-being. In her counterclaim, Megan asked that David be held in

contempt for refusing to pay court-ordered attorney's fees of $6707.59 that had been awarded in a previous round of the parties' litigation.

On June 16, 2020, David filed a motion to change custody or, alternatively, for increased visitation. In that motion, David alleged that there had been a material change in circumstances and that it was in I.J.'s best interest to be placed in his custody.

On June 17, 2020, the trial court held what it called a "temporary emergency hearing" on David's emergency petition for contempt. At that hearing, the trial court heard testimony on David's petition to hold Megan in contempt for violating and interfering with his visitation, and there was also testimony about the parties' understanding with regard to the specifics of the current visitation schedule. At that June 17, 2020 hearing, the trial court specifically deferred consideration of Megan's counterclaim for contempt.

On July 29, 2020, the trial court entered an order dismissing David's petition for contempt, and found:

> Plaintiff contends Defendant is in contempt of court for failure to permit visitation in March [and] April . . . of 2020. These periods of visitation would have required airline transportation with a layover at DFW. These periods fell within the early to middle stages, at least at this point, of the COVID-19 pandemic. Since March we, as people in this United States, have witnessed the evolving pandemic with directives from the government and health organizations that have changed. We have also received differing orders from the Arkansas Supreme Court as to how we will conduct court. To have this hearing via Zoom because of COVID-19 but to contend airline transportation is okay, with the many unknowns of COVID-19 and the recommendations from the CDC and the Department of Health in Arkansas, is the height of absurdity. The Court cannot find Defendant did anything other than act reasonably and with great concern for the minor child. The time was consistently offered to be made up by Defendant and has been made up. . . . The Plaintiff's contempt petition is dismissed.

In the order, the trial court addressed the visitation issue raised in David's emergency petition "only for the convenience of anyone who might review the visitation orders in this

3

case." The order states that it is "restating but not changing the visitation for this case" and sets forth a visitation schedule. Also on July 29, 2020, the trial court entered a separate order awarding Megan $4480 in attorney's fees.

David timely appealed from both of the trial court's orders entered on July 29, 2020. However, we conclude that the appeal must be dismissed.

Whether an order is final and appealable is a jurisdictional question, and this court is obligated to consider the issue on its own, even if the parties do not raise it, to avoid piecemeal litigation. *Williams v. Williams*, 2020 Ark. App. 204, 599 S.W.3d 137. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the trial court. *Id.* For a judgment to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *McIntosh v. McIntosh*, 2014 Ark. App. 723. An order is not final when it adjudicates fewer than all the claims of the parties. *Id.* Where the order reflects that further proceedings are pending, which do not involve collateral matters such as attorney's fees, the order is not final. *Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000). Additionally, because contempt is not merely a collateral issue (like attorney's fees), a trial court's order is not final and appealable when contempt issues remain pending. *Williams*, *supra*.

In the case at bar, the trial court denied David's petition for contempt and awarded Megan attorney's fees, but it did not address Megan's counterclaim for contempt.

4

Moreover, David's motion to change custody remains pending.[1]  Because the orders being appealed did not dispose of all the claims of the parties, there is no final order from which to appeal.

We observe that in David's notice of appeal, he asserted that this matter is appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a), which provides that "[a]ll final orders awarding custody are final appealable orders."  However, there has been no final order awarding custody, and David's motion for a change in custody remains unresolved.  David also claimed appealability under Rule 2(a)(13), which provides that an appeal may be taken from "[a] civil or criminal contempt order, which imposes a sanction and constitutes the final disposition in the contempt matter."  However, this rule is inapplicable here because the trial court *denied* David's petition for contempt.  Therefore, there was no order of contempt, nor was any sanction imposed.  Accordingly, we hold that we are without jurisdiction to hear David's appeal and that the appeal must be dismissed without prejudice.

Dismissed without prejudice.

HARRISON, C.J., and MURPHY, J., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Miller, Butler, Schneider, Pawlik & Rozzell, PLLC*, by: *SaVannah J. Reading*, for appellee.

---

[1]In David's notice of appeal, he indicated that he did not abandon any pending but unresolved claim.