Cite as 2022 Ark. App. 228

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-21-44

| | | |
|---|---|---|
| ANGELA MOODY | | **Opinion Delivered** May 11, 2022 |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION [NO. 60DR-11-1586] |
| | APPELLANT | |
| V. | | |
| | | HONORABLE MACKIE M. PIERCE, JUDGE |
| EDWARD MOODY | | |
| | APPELLEE | |
| | | DISMISSED WITHOUT PREJUDICE |

**WAYMOND M. BROWN, Judge**

Appellant Angela Moody appeals from a June 30, 2020 amended domestic-relations order[1] that reserved her request to require appellee Edward Moody to procure a life insurance policy to cover child support as well as her request to require appellee to name the minor child, E.M., or her trust as beneficiary of appellee's New York Life and Northwestern Mutual Insurance policies. The circuit court also denied appellant's motion to hold appellee in contempt on several issues; denied appellant's request to modify appellee's visitation; denied appellant's request to implement certain rules about travel; and denied appellant's

---

[1]The initial order was filed of record on June 23, 2020. The amended order was identical to the initial order, except it restricted travel to any country with an active U.S. Department of State travel warning of Level 3 or higher. The first order did not include the level number.

request to limit summer travel so that E.M. could participate in summer tutoring.[2] The circuit court found that both parties were in willful contempt of court orders and imposed a punishment on both parties of forty-eight hours' incarceration in the Pulaski County Jail. However, the circuit court suspended the sentences conditioned upon the parties' "strict future compliance" with the court's orders. Appellant timely filed a motion for reconsideration on July 7. The circuit court did not act on the motion, and it was deemed denied on August 6. Appellant filed a timely notice of appeal on September 4. Appellant makes several arguments on appeal: (1) the circuit court erred by refusing to modify visitation; (2) the circuit court erred by refusing to enforce its prior orders about travel; (3) the circuit court erred by refusing to order summer tutoring for the minor child; and (4) the circuit court erred by refusing to enforce the specific terms of the parties' property-settlement agreement. We cannot address the merits of appellant's arguments at this time because she has appealed from a nonfinal order. Accordingly, we dismiss without prejudice.

The parties were divorced by decree on January 8, 2015. After multiple contempt motions filed by the parties, the circuit court entered an order on February 25, 2016. Appellant appealed that order, and on May 10, 2017, we ordered supplementation of the record and addendum.[3] After remand, we affirmed in part and reversed in part the circuit

---

[2]The circuit court also made other adverse rulings against appellant that are not relevant to the issues on appeal. In addition, the circuit court made rulings adverse to appellee, but he has not appealed those rulings.

[3]*See Moody v. Moody*, 2017 Ark. App. 306.

court's order.[4]  Since that time, the parties have filed numerous motions, including motions for contempt, motions to compel, motions for modifications, etc.  The circuit court conducted a hearing between November 13–15, 2019, to deal with the parties' outstanding motions.  The order and amended order were issued seven months later.

Whether an order is final and appealable is a jurisdictional question, and this court is obligated to consider the issue on its own, even if the parties do not raise it,[5] to avoid piecemeal litigation.[6]  Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken from a final judgment or decree entered by the circuit court.[7]  For a judgment to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy.[8]  An order is not final when it adjudicates fewer than all the claims of the parties.[9]  Where the

---

[4]*See Moody v. Moody*, 2017 Ark. App. 582, 533 S.W.3d 152.

[5]Appellee argues in his brief that the issues are not properly before us because there has been no final order in this case.  Appellant even alludes in her brief that finality may be an issue.

[6]*Williams v. Williams*, 2020 Ark. App. 204, 599 S.W.3d 137.

[7]*Id.*

[8]*McIntosh v. McIntosh*, 2014 Ark. App. 723.

[9]*Id.*

order reflects that further proceedings are pending, which do not involve collateral matters such as attorney's fees, the order is not final.[10]

In the case at bar, although the circuit court addressed most of the issues the parties presented, it reserved ruling on two issues requested by appellant. Because the circuit court failed to address all the issues before it, we do not have a final order.

We note that in appellant's notice of appeal, she asserted that this matter is appealable pursuant to Rule 2(a)(1), which allows an appeal when there is a final judgment or decree entered by the circuit court. However, there is no final order in this case because there are still outstanding issues to be addressed by the circuit court. She also maintained that the order is appealable pursuant to Rule 2(a)(13), which provides that an appeal may be taken from a contempt order, which imposes a sanction and constitutes the final disposition in the contempt matter. However, this rule is inapplicable here because the circuit court denied many of the contempt requests, and where it did find the parties in contempt, it suspended the punishment.[11] Finally, appellant contended that the matter is appealable under Rule 2(d), which provides that final orders awarding custody are appealable. However, although the circuit court denied appellee's request to modify custody to a fifty/fifty split on an alternating weekly basis, he did not appeal. To the extent that appellant tries to liken a denial of a motion to modify visitation to an award of custody, this court has already

---

[10]*Harold Ives Trucking Co. v. Pro Transp., Inc.*, 341 Ark. 735, 19 S.W.3d 600 (2000).
[11]*See Henry v. Eberhard*, 309 Ark. 336, 832 S.W.2d 467 (1992) (stating that suspension of a sentence for contempt is, in effect, a complete remission of the contempt).

4

indicated that it will not address a visitation determination in the absence of a final order.[12]

Accordingly, we hold that we are without jurisdiction to hear appellant's appeal and that the appeal must be dismissed without prejudice.

Dismissed without prejudice.

BARRETT and VAUGHT, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*Dodds, Kidd, Ryan & Rowan*, by: *Catherine A. Ryan*, for appellee.

---

[12]*See John v. Bolinder*, 2016 Ark. App. 357, 498 S.W.3d 307.